## John N. Gott v. Sophronia Brigham.

*Challenge to the array.*

A challenge to the array in the Superior Court of Detroit was properly overruled where interposed on the grounds (1) that the judge was not present when the names of the jurors were deposited in the jury box and those of former jurors removed; (2) that he did not determine the number to be drawn for the term, but that twenty-four were drawn and he was not present at the drawing; (3) that they were drawn by the sheriff and the minute was kept by the clerk; (4) that the affidavit accompanying the list of 300 jurors filed in the clerk's office did not

show in detail the proceedings taken to select the list, but only alleged that as affiant verily believed it was done in accordance with the statute. So *held* by equal division of the court.

Error to Superior Court of Detroit. Submitted November 9 and 10, 1880. Decided January 28, 1881.

ASSUMPSIT. Defendant brings error. Affirmed.

*Beakes & Cutcheon* for plaintiff in error cited in support of the challenge: *Clare v. State* 30 Md. 164; *State v. DaRocha* 20 La. Ann. 356; *Convers v. G. R. & I. R. R.* 18 Mich. 459; *Gladden v. State* 13 Fla. 626; *Stokes v. State* 24 Miss. 621; *Mitchell v. Likens* 3 Blackf. 258; *United States v. Woodruff* 4 McL. 105; 1 Bish. Cr. Pro. § 749; *State v. Rollins* 22 N. H. 528; *O'Connell v. Queen* 11 Cl. & Fin. 155, 362; *People v. M'Kay* 18 Johns. 212; *People v. Williams* 24 Mich. 161; *Gardner v. Turner* 9 Johns. 260.

*Don M. Dickinson* for defendant in error urged that rules for drawing jurors were directory only: *State v. Haywood* 73 N. C. 437; *Mowry v. Starbuck* 4 Cal. 274; *Ferris v. People* 35 N. Y. 125; *Friery v. People* 54 Barb. 319; *Com. v. Lippard* 6 S. & R. 395; *Pringle v. Huse* 1 Cow. 432 n.; a challenge to the array is never made but for favor or partiality: Proffat on Jury Trials, § 154; *Cole v. Perry* 6 Cow. 584; *People v. Ransom* 7 Wend. 417; *State v. Pitts* 58 Mo. 556; *State v. Breen* 59 Mo. 413; *State v. Carney* 20 Ia. 82; *Page v. Inhabitants* 7 Met. 326.

GRAVES, J. Mrs. Brigham brought *assumpsit* in the Superior Court of the city of Detroit and was allowed to recover, and the defendant Gott now asks a review on writ of error and bill of exceptions. A great many questions are propounded in the record, but the subject of contention which occupies the foreground overshadows the others and must be first considered. If error is there found the other points will not be examined. If any of them again arise it will be under circumstances in all probability necessitating a

mode of treatment not appropriate now. Moreover it is not to be assumed that they will recur at all.

The trial was on the 26th of February, 1880, and on the appearance of the proper number of persons to form a jury the plaintiff in error challenged the array. The challenge was in writing, and it specified four distinct grounds as follows:

1. That on the 2d day of December, 1879, a list of three hundred persons to serve as jurors in said court was filed in the office of the clerk of this court in pursuance of sec. 19 of the act establishing this court as amended, and that the judge of this court did not attend and was not present with the clerk when the ballots containing the names of the persons so selected to serve as jurors were deposited in the jury-box, or when those that remained of the preceding list (if any) or any of them, were taken out and destroyed.

2. That the judge of this court did not direct or determine the number of jurors to be drawn to serve as jurors at this term of court, but that twenty-four names were drawn without any direction or determination by the judge of this court as to the number he deemed necessary, and the judge was not present when said jurors were drawn out of the box.

3. That said jurors for this term of court were drawn from the jury-box by Walter H. Coots, the sheriff of the county, and not by the clerk of this court, and that the minute of such drawing was kept by the clerk and not by the judge or sheriff, or other attending officer.

4. That the affidavit filed with the said list of 300 jurors does not show the proceedings taken to select said list in detail, or what was actually done in the premises, but only alleges that said list was selected in accordance with the statute in such cases made and provided, as the affiant verily believes, and said list and affidavit on file are referred to and made a part hereof." See Pub. Act 97 of 1879; Detroit Charter 1857; Laws 1857, pp. 115, 116, 117.

There is some confusion in the record as to exactly what was subsequently done in this proceeding. An entry appears in one place to the effect that to the first and fourth grounds a demurrer was interposed in which the defendant joined, and that issue on the fact was taken on the second and third grounds.

In another part of the record a pleading is found in which the plaintiff demurs to the first ground and tenders issue of

fact on the other three, and this is succeeded by a piece of pleading by which defendant joins in the demurrer to the first ground and accepts the tender of issue of fact on the others.

It seems that in a preceding case between other parties, and before another judge, a similar question arose, and that the judge ruled against the challenge, and that as part of the proceeding in that case the judge found the facts on the second and third grounds. In the present case the judge explained that he should follow the other, and it was stipulated that the evidence, rulings and proceedings in that case on the same question, should be adopted in this. According to this arrangement the parties have introduced the finding made in the other case on the second and third grounds as findings on the same ground in this. There is no specific finding on the fourth ground. But it sufficiently appears that the challenge was overruled. The first ground was disposed of on demurrer, there being no issue of fact raised on it.

The second and third grounds were decided on the construction the judge placed on the facts, and the fourth ground was decided as though there had been a demurrer. The issue of fact on this ground was really immaterial. The objection was that the affidavit which was made a part of the challenge was not in compliance with the statute. Whether it was or not was apparent on its face and there was no fact in dispute. At the common law the whole execution of the jury process was committed to the sheriff and there could be no miscarriage at this stage except by his indifference or default. A personal charge against him was therefore the ancient ground of challenge, and if the challenge was successful the result was that another officer was charged with the duty of summoning a new jury.

By the legislative provisions applicable to the court below the sheriff is superseded in the old functions, and different machinery is provided for the due array of juries, and for the purpose of challenge it is proper to consider as within its influence all the agencies which are required to take part.

The fundamental idea is to secure a legal tribunal, and the change made in the way of evolving it out of the constituents existing in society has not foreclosed the right of parties to insist upon its being constituted in substantial conformity with the laws as established. They may not see fit to complain even in the case of gross errors, and if they fail to object seasonably and regularly, they must be deemed to have waived the defects. But if they object in proper time and in due form, and show that a substantial deviation from the law has taken place; that positive provisions enacted to secure and guard the right of trial by jury and maintain the purity of that mode of trial, have been violated or disregarded, there is no warrant in our jurisprudence for treating the deviations as harmless irregularities.

A party so objecting and so substantiating his objection stands on valuable legal rights and is entitled to have the array quashed. The law has prescribed its own methods for the constitution of the tribunal, and has carefully defined what means shall be provided to negative the existence of any error in relation thereto prejudical to the parties; and it is not fair reasoning to say that such methods may be set aside and that a party reasonably and regularly objecting may be silenced by an answer that it appears from extrinsic sources that he was not injured. The effect of such a doctrine would be to license courts to suspend the laws, if in their opinion, no one would be injured thereby as matter of fact. It is needless to dwell long upon the challenge. The second ground was properly overruled. Twenty-four jurors were drawn. An order would have been necessary for a greater number, but no order whatever was made. In the absence of any new direction it was proper to assume as the facts were that the judge deemed twenty-four to be necessary.

The affidavit mentioned in the fourth ground was not defective for want of detail. The statute does not require it to specify the various proceedings. In so far, this ground of challenge was not valid.

But the next point was well taken. The affiant merely swore to his belief. The statute takes notice that he must

have actual knowledge of the facts, and it requires a positive oath. A statement on belief can afford no such security for exact and honest compliance with the statute as the Legislature intended.

As to the third ground. The finding of facts states that on the occasion of the drawing, the clerk and sheriff only attended; that the sheriff shook the box and drew out the names of the same twenty-four persons who were summoned; that as he drew out each slip he opened it and read the name on it, then put it down near the desk where he could read it, and the clerk entered the name on the minute of the drawing; that the names on the slips and the minute were compared by the sheriff's reading off the names from the slips, and the clerk's checking them on the minute; that the minute was then signed by the clerk and sheriff; and that this manner of drawing the jury was in accordance with the practice which has always prevailed in the Recorder's Court and in the Superior Court.

The Legislature have seen fit to provide expressly that the clerk, and no one else, shall handle the box and draw therefrom in the presence of the officer or officers attending, and that one of the attending officers shall keep a minute of such drawing. The law has apportioned the duties with extreme care. The list and box are under the sworn custody of the clerk. His oath of office applies to the duty of drawing and the oaths of the others apply to the duties assigned to them. If they exchange duties their respective oaths do not accompany the exchange. If the sheriff assumes to draw the jurors he does not make himself the sworn clerk of the court, and if the clerk undertakes to keep the minutes of the drawing, he does not become judge or sheriff for the time being. If their duties are lawfully interchangeable, why may not the sheriff swear the witnesses and jurors, and the clerk serve executions?

It is a part of our daily experience that the only reason which can be urged for holding ineffectual a service by one official which if done by another would be effectual is that the law has so arranged and apportioned duties, and unless

this reason is maintained we shall not be long in lapsing into legal chaos.

The fact in the first ground of challenge was admitted by the demurrer· for the purpose of the question. When the occasion came for the clerk to convert the grand list into slips, and to clear the box of old ones, and place the new ones therein, the judge was not in attendance. That responsible duty was left to the clerk alone, and without a witness. The law is very exact in requiring at least two to be present at every stage in the process down to the issue of the *venire*. It has not been content to leave any part to the sole fidelity of one however eminent or apparently trustworthy, and it has provided positively that on the occasion of replenishing the box the judge shall be present. No one else is required to attend with the clerk. On examining the statute no one can fail being struck with the exceeding care manifested to guard the jury process against all chance of mistake and fraud, and even against all suspicion of error. The present officers may be safely trusted. But the same rule must apply to their proceedings which would be applicable to the doings of suspected agents.

In this case the jury objected to was not a jury provided in accordance with law. The defects were cause of principal challenge and were substantial. The regulations referred to and which were in some respects evaded and in others only partially followed, belong to the safeguards devised by the wisdom of the Legislature to ensure good juries and to keep the administration of justice pure and preserve confidence in the judicial tribunals. The defendant waived nothing. He made his challenge promptly and in due form. Was it due to law and justice to disregard his objection? If so, to what extent must deviations from the statutes regulating jury process be carried to justify exception?

It seems to me the irregularities pointed out are insurmountable and that the case ought to go down to another jury.

But the members of the court, whilst agreeing in opinion that the record contains no other grounds for a reversal, are

equally divided upon the questions raised by the challenge, and therefore the judgment must stand affirmed.

The other Justices concurred.