SILAS H. BERRY, Respondent, v. BENJAMIN H. TRUNK, Appellant.

Kansas City Court of Appeals, December 7, 1914.

JURY PANEL: Deputy Clerk of Court: Clerk of Commissioners: Certificate. The statute required the clerk of the board of jury commissioners (who was also clerk of the court) to draw from the jury wheel the cards containing the names of jurymen and to make a certified list of them to the trial court. The clerk drew the panel from the wheel, but took the cards to his deputy court clerk who made a certified copy for the court. It was *held* that he had no authority to do so, and that the defendant's motion to discharge the panel should have been sustained.

Appeal from Buchanan Circuit Court.—*Hon. Wm. D. Rusk,* Judge.

REVERSED AND REMANDED.

*O. C. Mosman* and *Vinton Pike* for appellant.

The court erred in overruling defendant's challenge to the array of jurors. State v. Austin, 183 Mo. 478; Sess. Acts 1911, p. 308; Johnson v. State, 102 Ala. 1, 16 So. 99; Brazier v. State, 44 Ala. 387; Wilkins v. State, 112 Ala. 55; People v. Davis, 73 Calif. 355; Borrelli v. People, 164 Ill. 549; Jones v. State, 3 Blackf. 37; Mitchell v. Likens, 3 Id. 258.

*W. B. Norris, Frank H. Miller* and *Robert C. Bell* for respondent.

It has always been held in this State, and generally throughout the States of the country, that the statutory method of drawing, summoning and empaneling jurors is directory, and that a substantial compliance with the statutes is all that is necessary. State v. Pitts, 58 Mo. 556; State v. Breen, 59 Mo. 413; State v. Glea-

son, 88 Mo. 582; State v. Mathews, 88 Mo. 121; State v. Jackson, 167 Mo. 291; State v. May, 172 Mo. 630; Reeves v. State, 10 So. 901; State v. Daniels, 46 S. E. 743; State v. Wilson, 144 N. W. 47; Ullman v. State, 103 N. W. 6; Young v. State, 58 So. 188.

ELLISON, P. J.—Plaintiff, seated in his wagon drawn by two horses, was driving along a public road, when defendant approached from the rear in an automobile at high speed and much noise. Plaintiff's horses became frightened and ran away, throwing him out and inflicting severe injury. He brought this action for damages and recovered judgment in the trial court for six thousand dollars.

At the opening of the trial, in proper time, defendant filed a motion to discharge the jury panel which the court overruled and due exception was taken. The ground of the motion is that the panel had not been drawn and summoned as required by law, in that, among other things, no list of the panel was made in the order in which the jury men were drawn from the wheel; nor was any list at all made by the clerk of the board.

By the laws of 1911, page 305, the Legislature provided a Jury Commission Board in counties having between sixty and two hundred thousand inhabitants; and Buchanan county is one of that class. Section 2 of the act constituted the judge or judges of the circuit court and the judge of the court having jurisdiction in felony cases, as such board. By section 3 of said act it is made the duty of the board to cause to be made "a complete list as near as they can, alphabetically arranged, of all the qualified jurors in the county and their residences." It will be seen by reference to the statute, that this is a complete general list of jurors, and that under the terms of sections 14 and 9 it is corrected from time to time as information may come to the board; and by section 15, it is revised

Berry v. Trunk.

every three months by adding names of those who be-
come qualified.

But there is also a special list of each panel selected
for service. Under the provisions of sections 5 and 6,
these special lists are made up from the names on the
cards drawn (in the presence of the judge) from the
wheel by "the clerk of said board, so situated as to be
unable to see the names on such card." The statute
immediately following this, continues: 'a list of the
names, so drawn, shall be made and preserved by the
clerk of the board and a certified copy of the same
shall by said clerk be delivered to the clerk of the
court for which the jurors were drawn." And, "In
the event of sickness, absence or disability of the clerk
of the board, the judge so ordering the jury shall draw
and certify the same as herein provided."

When the panel in controversy was selected by
drawing the cards from the wheel, the clerk of the
board (who was also clerk of the trial court) took and
delivered them to his deputy clerk of that court, and
he certified a list of the names on those cards to the
trial court, as the panel. We think his act entirely
without the provisions of the law and being so, was, of
course, void.

The statute (sec. 2) puts the clerkship of the board
at the disposal of the board. The clerk of the court is
clerk of the board, unless the *board* shall select one of
his deputies to be the clerk. In no instance is there
authority for a deputy clerk of the court to act for the
board unless he has been named by the board as clerk
of the board. There is no deputy authorized by the
statute in the absence of appointment by the board.
This is manifest from the latter part of section 5,
above noted, providing that in the absence of the clerk
of the board the *judge* shall certify the panel to the
trial court. There is good reason for confining author-
ity to one designated person to do the various acts

185MoApp32

connected with the listing of inhabitants of the county for jury service; some certain one to charge with the care, supervision and correction of such lists; and with the drawing from the wheel and making a list of those drawn, etc. If it were divided up among several deputies, indiscriminately serving a chief clerk, with first one, then another performing service, inextricable confusion, with numberless mistakes, would follow; to say nothing of shifting responsibility and opportunities for fraud. It was the duty of the clerk of the board, and not the deputy clerk of the court to. certify the list of the panel to the trial court. The latter's oath of office did not apply to drawing or certifying a jury panel. [Gott v. Brigham, 45 Mich. 424, 429.] The certificate having been made by a deputy clerk of the court was not only made by an officer not appointed thereto by the law, but was made by one who necessarily did not know the facts to which he certified.

Plaintiff insists that in providing the machinery for the selection of juries, the law is directory. Ordinarily the mode of summoning juries is held to be directory, but even this does not authorize the substitution of an officer not designated by the law for one who is so designated to perform the duty of summoning a jury. [State v. Austin, 183 Mo. 478, 494.] But plaintiff is cut out of the right to invoke the loose rule of decision founded upon directory statutes, by the statute itself; for it is provided by section 16 thereof, that "this act, and each and all of the foregoing sections thereof, is mandatory and not merely directory."

Our conclusion is that the panel in the present case was without legal warrant, and that it stood in the trial court without evidence to that court, or the parties to the action then to be tried, that it had ever been drawn from the jury wheel, or was anything more than that number of volunteers serving against the objection of the defendant.

Besides what was evidently the view of the Su-

preme Court in State v. Austin, supra, we find support in other jurisdictions.    In Smith v. Commonwealth, 108 Ky. 53, the statute required the key to the jury wheel to be kept by the judge of the court, but it was kept by the clerk in a sealed envelope and invalidated the panel.  In Brown v. Commonwealth, 73 Pa. St. 321, the statute required that as soon as names of persons for jury service were deposited in the wheel the sheriff should lock it and secure it with sealing wax with the seals of the two jury commissioners and the sheriff impressed upon the wax.  Only one seal was used and this was held ground for quashing the panel. In Ins. Co. v. Adams, 110 Pa. St. 553, the law required that the wheel should be kept in charge of the jury commissioners and the key thereto to be kept by the sheriff.  The commissioners kept the key, and it was held that it invalidated the panel.  In Fornia v. Wayne Circuit Judge, 140 Mich. 631, the statute required the panel to be drawn from the wheel by the clerk and it was held that being drawn by one of the jury commissioners, in the presence of the clerk, made an illegal panel.  [See, also Gardner v. Turner, 9 Johns, 260; Gott v. Brigham, 45 Mich. 429, and People v. Labodie, 66 Mich. 703.]  We may say with the Supreme Court of Michigan that, "The provisions of the law cannot be set aside, although it may appear to us that neither party has been injured by the transgression.  That we never can for a certainty know, and for this reason safety can only be secured by a reasonable compliance with the law."  [Hewitt v. Saginaw, 71 Mich. 287.]

We think there is no substance in the technical position taken by plaintiff to the effect that defendant did not include in his motion the ground that a deputy had certified to the list.  In our opinion the wording of the objection embraces the position taken by defendant.

The judgment will be reversed and the cause remanded.  All concur.