# CASES DETERMINED

BY THE

# ST. LOUIS AND THE KANSAS CITY
# COURTS OF APPEALS.

## OCTOBER TERM, 1893.

CHARLES H. BOBB et˙al., Appellants, v. ELIZA J. WOLFF, Administratrix of estate of MARCUS A. WOLFF et al., Respondents, and ABRAHAM SIEGEL, Appellant.

St. Louis Court of Appeals, April 4, 1893; Motion for Rehearing Overruled October 2, 1893.

1. **Special Taxes:** APPORTIONMENT BETWEEN LIFE TENANT AND REMAINDER-MAN. A special tax against realty, held by a life tenant, will be ratably and equitably proportioned between him and the remainder-man, when the work for which it is assessed is likely to substantially benefit the latter in the enjoyment of the property, as where the tax is levied for the granite pavement of a street; and it appears that the probable duration of this pavement is much greater than the life tenant's expectation of life.

2. ————: ————: TRANSFER OF LIFE-ESTATE. The transfer of his estate by the life-tenant will not release him from his obligation to the remainder-man to pay a special tax against the property, levied during his tenancy and payable prior to such transfer. Accordingly, his payment of the tax after the transfer will not be treated as voluntary in a proceeding by him to enforce the payment of the remainder-man's share.

3. **Costs:** APPORTIONMENT IN ACTIONS IN EQUITY. Where substantial issues in an equity case are found for both the complainant and the defendant, the apportionment of the costs vests in the discretion of the chancellor, and will not be disturbed when no abuse of that discretion has been shown.

(515)

**4. Practice, Trial:** CROSS-BILL IN ACTION IN EQUITY. *Semble* that, when one of the defendants in an action in equity seeks affirmative relief against a co-defendant, the latter is entitled only to ample time to answer the claim to such relief, and that it is not the practice in this state to issue new process in such a case.

*Appeal from the Circuit Court of the City of St. Louis.*
HON. SHEPARD BARCLAY, Judge.

AFFIRMED.

*T. J. Rowe* and *Collins & Jamison*, for appellants.

(1) A granite pavement is not such a permanent improvement to the realty as can be taxed against the remainder-men. Whatever may be the decisions in other states upon this point, the question is certainly settled in this state by *Reyburn v. Wallace*, 93 Mo. 326. See, also, *Mehle v. Bensel*, 2 South. Rep. 201; *Hitner v. Ege*, 23 Pa. St. 305. (2) The payment of the tax in question, having been made by Wolff after he had conveyed his title, was voluntary; therefore it cannot be made the basis of a recovery against the remainder-men. *Union Savings Ass'n v. Kehlor*, 7 Mo. App. 158; *Greenabaum v. Elliott*, 60 Mo. 25; *Bobb v. Dillon*, 20 Mo. App. 309; *Busche v. McElroy*, 12 Mo. App. 598; *McMahon v. Vickey*, 4 Mo. App. 225.

*Frank Hicks*, for respondent.

(1) Betterments to the estate, which are not voluntarily imposed by the life tenant, and which enhance the value of the realty, should be charged upon the life estate and remainder proportionately. 1 Washburn's Real Property [5 Ed.], p. 130; 2 Perry on Trusts [3 Ed.], Sec. 554. Especially is this true where the improvements are of such a permanent character as that a substantial portion of the life thereof and benefit therefrom would be enjoyed by the remainder-men. *Plympton v. Boston Dispensary*, 106 Mass. 544; *Peck v. Sherwood*, 56 N. Y. 615; *Fleet v. Dorland*, 11

How. Pr. 491; *Cairus v. Chabert*, 3 Edwards Ch. 312; *Miller's Estate*, 1 Tuck. 346; *Reyburn v. Wallace*, 93 Mo. 326. (2) The payment of the special tax by Wolff was not voluntary. His liability for the tax was not extinguished by his transfer of his title.

BIGGS, J.—This suit was instituted December 5, 1885, by Charles H. Bobb and Philip M. Bobb, each the owner of an undivided one-sixth of the remainder in certain improved realty on Eighth street, between Market and Walnut, in the city of St. Louis, against the respondent Marcus A. Wolff, since deceased, who was then the holder of the life estate (for the life of Charles Bobb) in the premises, and Abraham Siegel (appellant) the owner of four-sixths of said remainder, and also against divers other persons alleged to have or claim some interest in the premises.

The petition alleged in substance that Wolff had failed to pay the general taxes, and a certain special tax bill for granite pavement for reconstruction of Eighth street, on which the realty fronted, and that he had otherwise been guilty of waste in failing to keep the premises repaired. The relief prayed was that Wolff be restrained from collecting rents; that a receiver be appointed to collect the rents and to pay therefrom the delinquent taxes and to make repairs, and for general relief.

On December 14, 1885, a receiver was appointed, who took possession of the premises.

On May 4, 1887, plaintiffs filed an amended petition, which contained the additional averments that, since the appointment of the receiver, he had paid from the rents the general taxes levied against the property for the years 1883 and 1884; that he had paid the court costs in the suit to enforce the payment of the special tax bill for the granite pavement; that he had made sundry repairs on the houses, and that there was not

then a sufficient balance in his hands to place the houses in proper condition. It was also averred that on the eleventh day of June, 1886, Wolff had conveyed to Newell G. Larimore (who had been made a party defendant) whatever right and title he possessed in the property at the time the suit was instituted. The prayer was that the order appointing the receiver be confirmed and continued; that the receiver be instructed to continue in the collection of the rents for the purpose of paying the taxes and repairing the houses; and that Wolff and Larimore be restrained from collecting the rents from the houses or in any way interfering with the possession thereof.

On May 23, 1887, Wolff filed an amended answer in which he denied the allegations in the amended petition, and averred the payment by him of all general taxes and that on the twenty-second day of April, 1887, he had paid the amount of the special tax bill for the granite pavement, which amounted to $753.15. The answer then averred that a granite pavement was a permanent improvement; that its life was forty years, and that, at the time the pavement was completed, the probable duration of the life of Charles Bobb (the life tenant) was, according to statistical experience, six and two-thirds years. The answer prayed apportionment and contribution from the remainder-men as to the special tax.

At the hearing, the plaintiffs' evidence tended to establish the averments of the bill. The evidence adduced by Wolff tended to prove that he had maintained the buildings in as good condition as they were then; that, considering the age and location of the buildings, the repairs made by him were reasonable; that the condition of the buildings was not improving under the management of the receiver; that some of the buildings were vacant; that all of the general taxes

had been paid; that on the twenty-second day of April, 1887, he had paid the special tax bill amounting to $715.15, and that no useful purpose was being subserved by a continuance of the receivership. Evidence was also heard as to the life of a granite pavement. Mr. Turner, the street commissioner of the city, gave it as his opinion that the pavement would last, without additional cost to the owners of the property, twenty-five years. It was also shown that the expectation of the life tenant, who was seventy-six years old at the date of the tax bill, was five years and eighty-eight hundredths.

Upon the evidence adduced the court found that the appointment of the receiver in the first instance was justifiable. To this extent the issues were found for the plaintiffs. The court further decreed that Wolff was entitled to have the amount of the special tax paid by him apportioned between him and the remainder-men. Estimating the life of the pavement at twenty-five years, and the life of Charles Bobb at about six years, from the date of the completion of the work, the court in its decree charged, in favor of Wolff, the respective interests of the remainder-men with their proportion of three-fourths of the special tax bill. All costs accruing prior to May 7, 1887, were charged against Wolff, and one-half of those accruing subse-, quently were also adjudged against him, and the residue were to be borne by the remainder-men. The receiver was discharged, and he was ordered to surrender the possession of the property to Wolff. From this decree the plaintiffs and the defendant Siegel have appealed.

The appellants insist that, whatever may be the law in other jurisdictions, it has been settled by the supreme court of this state (*Reyburn v. Wallace*, 93 Mo. 326) that no part of the cost of a granite pavement can be charged against the remainder-man. The

*Reyburn case* reached the supreme court on a demurrer to the bill. It was held that the demurrer was properly sustained. The petition stated that Reyburn, the life tenant, had paid large sums of money for the construction of granite pavements in front of the property. It was also averred that Reyburn was twenty-eight years old, but the life of the pavement was nowhere alleged. According to the life tables, the expectation of Reyburn's life was thirty-six years. The court said: "It can hardly be hoped that these improvements will last that long (thirty-six years) without renewal." When the allegations of the bill are considered, no fault can be urged against the conclusion reached by the court. But it is confidently believed that the decision would have been different, had the petition contained the additional averment that the granite pavement would last for fifty years without additional cost to the owners of the realty. It is the universal law that, where the special tax is for the cost of a permanent improvement which is likely to substantially benefit the remainderman in the enjoyment of the property, the incumbrance must be ratably and equitably apportioned between the tenant for life and the remainder-man. We understand that the supreme court fully recognized this principle, and that its conclusion on the demurrer was reached on the theory that, in the absence of an averment to the contrary, the court would not assume that the life of the pavement was longer than thirty-six years. In the case at bar the petition averred, and the proof tended to show, that according to statistical experience the life tenant would live about six years, counting from the date of the improvement, and that the pavement would ast, without additional expense to the owners of the realty for twenty-five years.

It is urged that the payment of the special tax bill by Wolff was voluntary, as he admitted that he

had conveyed his interest by quit.claim to Larimore before he paid the special tax. We cannot agree to this. The special tax bill became due during Wolff's ownership of the life estate. He was in possession and collecting the rents. Therefore his obligation to the remainder-men to pay his *pro rata* share of the incumbrance existed at the time he parted with his interest, and the subsequent sale of it by him could not operate as a release. If the remainder-men had paid the special tax, Wolff would have been liable for contribution notwithstanding his sale to Larimore.

One of the objects of the original bill was to compel the payment of the special tax out of the rents, upon the idea that it should be paid by Wolff, the owner of the life estate. Subsequently Wolff paid it, and sought by way of cross bill to have the amount ratably apportioned. Contribution and apportionment being matters of equitable cognizance, it was competent for the court to adjudge by whom the tax bills should be paid, and grant complete relief. It was within the scope of the issues presented by the original petition. The objection of the appellants on this score is without merit.

Neither do we think that the court abused its discretion in dividing the costs. In equity cases, where substantial issues are found for both parties, the power of the chancellor to apportion the costs is recognized in this state. In the case of *Turner v. Johnson*, 95 Mo. 431, the court held that, when "substantial issues are found for one party and like issues found for the other, the taxation of costs will rest in the discretion of the court, and will not be disturbed unless there has been a clear abuse of that discretion." To the same effect is the case of *Plant Seed Co. v. Michel Plant & Seed Co.*, 37 Mo. App. 313.

That the court ordered the receiver to restore the

possession of the property to Wolff instead of to Larimore does not concern the appellants. Larimore does not complain.

The decree of the circuit court is in all things affirmed. All the judges concur.

### ON MOTION FOR A REHEARING.

ROMBAUER, P. J.—A motion for rehearing filed by the defendant Siegel claims that the cross-bill filed by defendant, Wolff, in seeking relief against him, is a departure from the original bill, and seeks relief which which is legal and not equitable in its character. It is further claimed that for these reasons the defendant Siegel could have interposed a demurrer to the cross-bill, but that he had no opportunity to do so, since he was not served with a copy thereof after suffering default on plaintiffs' petition. Conceding the premises, the conclusion does not follow. It is intimated by the supreme court in *Tucker v. Ins. Co.*, 63 Mo. 588–595, that it is not the practice is this state to issue new process in such cases, and that all that a defendant has a right to demand, where a co-defendant seeks affirmative relief against him, is that he should have ample time to answer to the relief sought.

In the case at bar the amended answer of the defendant Wolff was filed May 23, 1887, and the final hearing did not take place until June 17th following. The defendant Siegel had, therefore, ample time to take issue either of law or fact on the amended answer of Wolff, if he desired to do so. He was in no way concluded by the default he suffered on plaintiff's petition as to the truth of the allegations contained in the answer of his co-defendant, Wolff, which sought affirmative relief against him. He failed to plead to said answer. He did not in his motion for new trial even complain that the opportunity so to plead

was not afforded to him; on the contrary, by assert-
ing therein that the court refused to admit legal
and competent evidence offered by him at the trial he
took the position of having actively participated
therein.

Under these circumstances we are not warranted
in disturbing a judgment, which has reached the right
result, on the technical ground that the method by
which it was reached is not in conformity with the
chancery practice in other states, as long as the only
intimation found in our reports is to the effect that the
chancery practice in this state is different.

The motion for rehearing is overruled. All the
judges concur.