SCHNEIDER GRANITE COMPANY, Respondent, v. CORA B. TAYLOR *et al.*, Defendants; CORA B. TAYLOR, Appellant.

St. Louis Court of Appeals, December 10, 1895.

**Special Tax Bill:** PARTIES: CONTRIBUTION. A valid judgment may be rendered in an action on a special tax bill against the property charged without bringing in all the parties in interest. But, if all the co-owners are not made parties, and those who are pay the judgment, an action by them for contribution will lie against the rest.

*Appeal from St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*Cora B. Taylor pro se.*

*Lubke & Muench* for respondent.

BOND, J.—This suit is to enforce a special tax bill for paving an alley against the co-owners of the adjoining property. All the defendants, except two as to whom the suit was dismissed, admitted ownership of the property. The special tax bill was made out against defendant Cora Taylor only, omitting the names of her codefendants. Upon the trial before the court, a jury being waived, it was admitted in evidence against defendant Cora Taylor, the party named therein. After hearing the evidence the court rendered judgment against defendant Cora Taylor and in favor of her codefendants, from which this appeal is taken by her.

The only point urged for reversal is that the interest of defendant Cora Taylor (suggested in the brief to be a tenure for the life of a person aged 86 years, and a one twentieth interest in remainder) should not bear the whole burden of the tax bill. Conceding the force of this argument, still we can not reverse the present judgment on that ground. The tax bill is enforcible in an action thereon against the property, and it has been held by the supreme court that a valid judgment against the property may be rendered without bringing in all of the persons interested therein. *Neenan v. City of St. Joseph*, 126 Mo. 89.

The remedy of the defendant in this case, after payment of the judgment, is an action for contribution against the other owners, among whom the tax may be apportioned. *Bobb v. Wolff*, 54 Mo. App. 515.

Finding no reversible error in the judgment, it must be affirmed. All concur.