CORA B. TAYLOR, Appellant, v. THE PLANET PROPERTY
AND FINANCIAL COMPANY et al., Respondents.

**St. Louis Court of Appeals, January 10, 1899.**

1. **Title to Land by Possession:** OCCUPANCY. To create title by possession of land the occupancy must be open under claim of title and adverse to the world. In the case at bar plaintiff's occupancy could not have been adverse until after the sale under the Letcher deed of trust for the reason that her deed from Bobb contained the statements that she was to pay the debt secured by this deed of trust, and that she held subject to it.

2. ———: ———: PRESUMPTION. The presumption is that prior to the sale plaintiff held subject to and not adversely to the rights of the incumbrancer; being a mere volunteer plaintiff can not maintain an action against the defendants for contribution.

*Appeal from the St. Louis City Circuit Court.*—HON.
JOHN A. TALTY, Judge.

AFFIRMED.

JAMES M. SUTHERLAND for appellant.

That under the law of this state a life tenant paying special tax bill for improvements to the property which will endure beyond the term of the life tenant is entitled to recover, in an equitable proceeding, that portion of the tax bill applicable to such remaindermen. Bobb v. Wolff, 54 Mo. App. 515; Reyburn v. Wallace, 93 Mo. 326; Schneider Granite Co. v. Taylor (this plaintiff), 64 Mo. App. 37. The improvements in this case were permanent in character, hence the party paying the full cost of such improvements is entitled to recover from those whose property in remainder was benefited in the proportion which the probable life of the improvement (after the death of the life tenant) bore to the total amount paid. Authorities, *supra.*

The decree in this case should have been for the plaintiff and against the defendants. The statute of limitations as pleaded by defe idants, in respect to plaintiff's claim for money paid under special tax bill for making sidewalk is not a defense to plaintiff's claim. Neeman v. City of St. Joseph, 126 Mo. 96.

T. J. ROWE for the Planet Property & Financial Company, one of the respondents.

When Cora Taylor paid the special tax bills described in the petition herein she had no interest in the property, and she had incurred no liability for same. She was not the life tenant, therefore said payments were purely voluntary and she acquired no rights against these defendants by making said payments. The first count in petition is barred by limitations because John C. Heman (a witness for plaintiff) testified that bill was paid July 30, 1890, and this suit was instituted December 30, 1895, more than five years after the payment. There is no evidence in the record that any valid special tax bills were issued against the property described in the petition, or that any special tax bill in the nature of a permanent improvement or betterment of the whole estate was paid by the plaintiff.

BIGGS, J.—The plaintiff sued in equity for contribution. She claims to own certain real estate in the city of St. Louis during the life of one Charles Bobb, and that the defendants, the Planet Property and Financial Company, Philip M. Bobb and Charles H. Bobb, own the remainder in certain proportions. For a cause of action against the defendants she avers that she was compelled to pay two tax bills, one for the reconstruction of the sidewalk in front of the property, and the other for the reconstruction of the alley in its rear. She asked judgments against the defendants for their respective *pro rata* shares of the tax bills. The

principal contention of the defendants was, that in the payment of the tax bills the plaintiff was a volunteer. The court found the issues for the defendants and dismissed the bill. The plaintiff has appealed.

It is well settled by the decisions in this state that a life tenant, who is compelled to pay the cost of a permanent improvement on the property, may recover from the remainderman his *pro rata* share of the cost. Reyburn v. Wallace, 93 Mo. 326; Bobb v. Wolff, 54 Mo. App. 515; Schneider v. Taylor, 64 Mo. App. 37. There can be no question that the sidewalk and alley were permanent improvements and that the plaintiff paid the cost thereof, hence we assume that the circuit court found that plaintiff was not the owner of the life estate. This requires us to examine the evidence as to her title.

At and prior to June 15, 1878, the case of John H. Bobb v. Charles Bobb et al., was pending in the circuit court of the city of St. Louis. This suit was brought to determine the interests of the respective parties to certain real estate, including the property here in question. The plaintiff was a defendant in that action. The final decree was entered on the date above mentioned. It was there adjudged that Charles Bobb owned an undivided five-twentieths of the real estate during his life. It was decreed that Cora B. Taylor owned one twentieth in remainder. The interests of the other remaindermen need not be set out. Prior to this decree, to wit, April 15, 1878, Charles Bobb conveyed his interest in the lands to one Letcher in trust to secure a debt due to Frank R. McGinnis. Afterwards, to wit, May 1, 1878, Charles Bobb made an absolute conveyance of his title to plaintiff. The consideration of this deed in part was the assumption by plaintiff of the debt due McGinnis. By deed dated March 10, 1879, Cora B. Taylor conveyed to one L. A. McGinnis one fifth of the life estate owned by her. On November 29, 1880, McGinnis released one twentieth

of the land conveyed to Letcher. The effect of this last conveyance was to vest one twentieth of the life estate in plaintiff free of the incumbrance, and as she was the owner of one twentieth of the remainder the less estate was merged in the greater, and she became the owner in fee of one twentieth of the land. The remainder of the life estate, to wit, three twentieths plaintiff held subject to the lien of the deed of trust to Letcher. Subsequently one August Zelle being the owner of a fractional interest in the lands instituted a suit in partition making John H. Bobb (the predecessor in title of the Planet Property Company), Cora B. Taylor (the plaintiff here), Philip M. Bobb and Charles H. Bobb, defendants. The interlocutory decree in the case was rendered on April 26, 1881. The court found and so stated in the decree that the plaintiff (Cora B. Taylor) owned one twentieth of the land in fee simple, and also an undivided three twentieths of said land for and during the life of Charles Bobb. The property here in question was allotted by the commissioners to plaintiff as and for her interest as life tenant. The final decree is dated June 22, 1882. The plaintiff took immediate possession of the property under the decree. Subsequently, to wit, October 3, 1884, the property was sold under the deed of trust to McGinnis, and Marcus A. Wolff became the purchaser and received a trustee's deed therefor. This is the record title.

The decree in the Zelle case correctly adjudged plaintiff's interests in the lands at that time. Plaintiff originally bought five twentieths of the life estate, subject to Letcher's deed of trust. She sold one twentieth to McGinnis. Letcher released one twentieth from the deed of trust, and as the plaintiff owned an undivided one twentieth of the land in remainder her title to the one twentieth of the life estate so released was merged in her title to that portion held in remainder, thereby giving her the full title to that much of the land. This left her the owner of three

twentieths of the life estate, subject to the Letcher deed of trust, and an undivided one twentieth in fee simple absolute. Subsequently McGinnis sold the land under his deed of trust, the effect of which was to foreclose the remaining interest of the plaintiff in the land as tenant for life. It is clear, therefore, that the plaintiff has failed in her action so far as the record title shows.

It is insisted that at the time plaintiff paid the tax bills to wit, July, 1890, and October, 1891, she had been in the adverse occupancy of the land for more than ten years. This contention can not be maintained under any view of the evidence. There is no proof that the plaintiff was in possession of the land until after the decree in the Zelle case in June, 1892. . Admitting for the argument that from that date her possession was adverse, yet she had no title at the time she paid either tax bill. But it is clear that her occupancy could not have been adverse until after the sale under the Letcher deed of trust, to wit, October 3, 1884, for the reason that her deed from Bobb contained the statement that she was to pay the debt secured by this deed of trust, and that she held subject to it.` The presumption is that prior to the sale she held subject to and not adversely to the rights of the incumbrancer. To create title by possession of land the occupancy must be open under claim of title and adverse to the world.

Our conclusion is that at the time the plaintiff paid the taxes she was without title to the land, and hence being a mere volunteer she can not maintain an action against the defendants for contribution. The judgment of the circuit court will be affirmed. All concur.