CITY OF LOUISIANA, Respondent, v. McALLIS-TER, Appellant.

St. Louis Court of Appeals, January 19, 1904.

1. **MUNICIPAL CORPORATIONS: Special Assessment: Part Owner: Notice.** The owner of an undivided part interest in property abutting upon a street, improved by authority of the city, can not defend against an action by the city for his por-tion of the cost of such improvement, on the ground that his co-owners were not notified of the contemplated improvement.

City of Louisiana v. McAllister.

2. ——: ——: ——: **Estoppel.** Where such a part owner permitted the property to be assessed to him as sole owner, and paid taxes thereon as such, was notified as sole owner of the contemplated improvement and appeared before the city council to protest against it, remaining silent as to the true ownership, he is estopped to set up the defense of part ownership of the lot affected.

Appeal from Louisiana Court of Common Pleas.—
*Hon. D. H. Eby,* Judge.

AFFIRMED.

*Pearson & Pearson* for appellant.

(1) The right of procedure, to allow a city to order a sidewalk to be built, or constructed, by the owner or owners of adjacent property, and if not so constructed by him or them, in a given time, after due notice, to construct it for him, or them, and charge his property with a lien for the payment of the same, is a statutory right and the provisions of such statutes in so charging such property with a lien for such improvements must be strictly complied with. Section 6261, R. S. 1899; Section 6262, R. S. 1899; Keith v. Bingham, 100 Mo. 300; West v. Porter, 89 Mo. App. 150; Guinotte v. Egelhoff, 64 Mo. App. 356; Shoenberg v. Heyer et al., 91 Mo. App. 389; Cole v. Skrainka, 105 Mo. 303. (2) Any procedure to charge a citizen's property with a lien for the benefit, or use of the public, without first giving such property-owner notice and a chance to protect it from such lien is a violation of the statutes and the Constitution of the State of Missouri and of the United States. Article 2, section 21, Const. Mo.; Article 5, Amended Const. U. S.; Cole v. Skrainka, supra, 308.

*James W. Reynolds* for respondent.

(1)   An owner who is notified can not be heard to complain because other owners were not notified.   Elliott on Streets and Roads, sections 323 and 318.   (2) If the other owners had also been notified he would be jointly liable with them for the whole bill.   This judgment is only for his proportion of the bill with interest added, so his liability or burden is no greater than it would have been if all had been notified. The statutes provide that whenever any owner or owners are properly notified to construct a sidewalk in front of their property, and such owners fail or refuse to do so for fifteen days after said notice is personally served the city may cause such walk to be constructed and the expense shall be a lien on the owner of the property along which the walk was built.   Secs. 6261 and 6262, R. S. 1899. (3)   A lien may attach to an undivided interest in real estate.   Van Ripper & Rogers v. Morten et al., 61 Mo. App. 440.   The word "owner" within the purview of section 6262 does not mean the sole owner nor the holder of the exclusive legal title but it applies to any one having a lienable interest the same as mechanics' lien cases.   Kline v. Perry, 51 Mo. App. 422; Seaman v. Paddock, 51 Mo. App. 465; Ambrose Mfg. Co. v. Gafin, 22 Mo. App. 397; Vieth v. Planet P. & F. Co., 64 Mo. App. 207.   (4)   If it should be held that a literal compliance with Revised Statutes, sec. 6262 and ordinance 1619 requires all owners to be notified, inasmuch as defendant is only asked to pay his proportion of the work, failure to notify the other joint owners is non-prejudicial and no defense.   City of Marionville v. Henson, 65 Mo. App. 397; Shehan v. Owen, 82 Mo. 458; Cole v. Skrainka, 105 Mo. 303; Gibson v. Owen, 115 Mo. 258; (5)   Party in possession is presumed to be the true owner until the contrary appears.   Barry v. Otto, 56 Mo. 177; Craig v. Marshall, 15 Mo. 499; Keith v. Bingham, 100 Mo. 300; McIntosh v. Rankin, 134 Mo. 340.

REYBURN, J.—This is an action by the city of Louisiana to recover the amount paid by it for construction of a granitoid sidewalk in front of a lot, whereon is erected a business house and also a dwelling, described as the east 60 feet of lot number 588 in block numbered 74, in the original town of Louisiana. In August, 1900, the city council of plaintiff enacted an ordinance requiring the owners of land adjoining this and other lots to construct new pavements, and in compliance with the statutory requirement, it caused notice to be served on such owners. Defendant had been in possession of the above property for many years, occupying the dwelling and in charge of the store building. During that time he had made the statutory return for assessment purposes, verified by his affidavit, the property had been assessed to him and he had paid the taxes thereon, and accordingly notice concerning the sidewalk in front of this property was served upon him as its presumed owner. After such service or notice he appeared before the city council and asked to be relieved of putting down the walk at that time, which was refused, but he remained silent regarding the true ownership of the lot. The council then passed further ordinances for letting the contract for the reconstruction, and the successful contractor performed the work and was paid therefor by plaintiff.

In the defense of defendant to the action of plaintiff upon the taxbill, his answer averred that he was an owner of only an undivided one-fourth interest and the reply reiterated that, if not sole owner, he was owner of such undivided interest.

The court found in favor of plaintiff but adjudged as owner of one-fourth interest, defendant should pay but the like proportion of the cost of reconstruction, and rendered a judgment accordingly, from which he has appealed.

The plaintiff operates under a special charter, and the work herein was performed under sections 6261 and

6262 of R. S. 1899, and no special taxbill, which by statutory enactment creates a presumptive case, was issued. The industry of counsel as well as the investigation of the court have failed to unearth any direct authority upon the defense herein interposed, and especially the decisions of the appellate courts of this State seem devoid of any such question. The proceedings are confessedly regular, so far as defendant is concerned, except that he was treated as sole owner, while in truth he was possessed of an undivided fractional interest; but to the extent of his ownership, his share of the lot was benefited by the reconstruction, and no good reason has been suggested why he should be heard to complain that his co-owners were not notified of the contemplated improvement, or that the proceedings were such an entirety that being void and ineffectual as to those owners not receiving statutory notice, they should be held invalid as to him. This general doctrine has obtained recognition in analogous proceedings. Elliott on Roads (2 Ed.), sec. 318, intimates that "in such cases (*i. e.* failure to give notice to some of the property-owners) the better opinion is that the proceeding is void only as to those who have not been notified, but valid as to those who had notice." That a part owner may pay a special taxbill against the realty owned in common and maintain an action for contribution against his co-owners has been expressly held by this court. Granite Co. v. Taylor, 64 Mo. App. 37.

Again, under the facts peculiar to this case, the defendant might have been well held estopped from setting up the defense of part ownership of the lot affected. His course of conduct not only by remaining mute before the city council regarding the divided ownership, but in the returns made by him to the assessor, the permitting the property to be assessed to him as such owner and payment of taxes thereon as such, though the latter were suffered without any such intent or purpose on his part, were all calculated to mislead and mis-

inform plaintiff as to the title of the realty. The judgment of the court threw on defendant no more than his proportion of the cost of the reconstruction and is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.