## KANSAS CITY STAR PUBLISHING COMPANY, Respondent, v. STANDARD WAREHOUSE COMPANY, Appellant.

### Kansas City Court of Appeals, February 4, 1907.

1. **CORPORATIONS: Ultra Vires: Receiving Profits: Repudiating Contracts: Estoppel.** A corporation receiving the profits of a business transaction with knowledge of how they came, adopts the transaction and the corporation will be estopped to deny its power to do the business when asked to pay the obligations incurred in prosecuting the venture.

2. ———: ———: Adopting Transaction: Evidence: Advertisement. A corporation without charter power to buy and sell real estate on speculation, did so however, and advertised in a newspaper a sale of its real estate. The advertisement was made by its general manager and its president learned of and attended the advertised sale. The jury found the transaction was adopted and ratified by the corporation. *Held*, there was sufficient evidence to support the verdict which was binding on the appellate court.

3. ———: ———: ———: ———: Telephone Conversation. A member of newspaper staff in charge of its advertising business, was called up on the telephone in regard to an advertisement of a corporation's real estate, which the 'phone caller spoke of as the one "we were putting in." He also gave his name as Carlisle, president of the corporation. He was un-

known to the newspaper man by voice. *Held*, the evidence was admissible and should be given such weight as under the circumstances, the jury should think proper in passing upon the question of the corporation's authorizing the advertisement.

4. **JUSTICES' COURTS: Estoppel: Jurisdiction.** Though an action be founded on the principles of estoppel it does not deprive a justice of the peace of jurisdiction. [Following Pitman v. Mining Company, 78 Mo. App. 438.]

Appeal from Jackson Circuit Court.—*Hon. John G. Park*, Judge.

AFFIRMED.

*Halbert H. McCluer* and *Omar E. Robinson* for appellant.

(1) The court erred in refusing to give defendant's peremptory instructions asked at the close of plaintiff's evidence, and again at the close of all of the evidence. On the whole record plaintiff was not entitled to recover. Sanders v. Chartrand, 158 Mo. 362; Cummings v. Hurd, 49 Mo. App. 145; Sharp v. Knox, 48 Mo. App. 169; Gibson v. Zeibig, 24 Mo. App. 66; Grocery Co. v. Capen, 23 Mo. App. 301; Wheeler v. Mfg. Co., 23 Mo. App. 190; Brooks v. Jamison, 55 Mo. 505; Franklyn v. Geobe, 52 Mo. 461; Edwards v. Thomas, 66 Mo. 468; Edwards v. Dooley, 120 N. Y. 540; Leu v. Meyer, 52 Kan. 419; Harrison v. Railroad, 50 Mo. App. 332; Bank v. Railroad, 13 N. Y. 633; Mosley et al., v. Com. Co., 91 Mo. App. 505; Hoppe v. Taylor, 53 Mo. App. 4; DeMoss v. Economy F. Co., 74 Mo. App. 124, and cases cited. (2) The court erred in giving each of the following instructions asked by the plaintiff, viz.: 1-P, 2-P, 3-P and 10-P. Authorities under point I. (3) Instructions 7-D and 9-D, as modified, should neither have been given. First instruction 7-D: Craighead v. Wells, 21 Mo. 404; Oil Co. v. Zinc Co., 98 Mo. App. 329; Mitchurn v. Dunlap, 98 Mo. 421; The Waverly v. The Cooperage Co., 112 Mo. 389; Pick v. Ritchey, 66 Mo. 118; Mechem on Agency, sec. 100; Diel v. Railroad, 37 Mo. App. 454;

Sav. & L. Soc. v. Lerichten, 64 Cal. 52; Fitch v. Chapman, 10 Conn. 8; Whiteside v. Moyard, 51 Ill. 507; Proctor v. Lowes, 115 Ill. 138; Osgood v. Pacey, 23 Ill. App. 113; Wood v. Crow, 70 Iowa 346; Bacon v. Johnson, 56 Mich. 182; Lowry v. Harris, 12 Minn. 255; Wiel v. Denman, 76 Texas 306; Orin v. Bonnell, 78 Pa. St. 152.

*Douglas & Watson, Karnes, New & Krauthoff* and *John N. Davis* for respondent.

(1) All the authorities cited by appellant under the first point in its brief lay down the proposition that agency is a question of fact for the jury to find and this may be inferred from the facts and circumstances in evidence. Edwards v. Thomas, 66 Mo. 482; Story on Agency, secs. 45, 50, 54, 55, 56, 57, 58, 59, 60, 84, 85, 102, 103 and cases cited; Hull v. Jones, 69 Mo. 587; Mitchum v. Dunlap, 98 Mo. 421; Porter v. Woods, 138 Mo. 551; Brooks v. Jameson, 55 Mo. 512. (2) A party has a right to rely on apparent authority of an agent. 45 Mo. App. 452; 53 Mo. App. 587. (3) The scope and powers of a general manager of a corporation gives him the authority to transact the business of the corporation, and "he has power prima facie to do any act which the directors could authorize or ratify." Hastings v. Ins. Co., 138 N. Y. 479, 34 N. E. 289; Mullin v. Sire, 69 N. Y. Supp. 953; Oakes v. Water Co., 143 N. Y. 430; Cook on Corp., sec. 719; Kansas City v. Cullinan, 68 Pac. 1099; Paphro v. Baty, 69 N. H. 453; Brewing Co. v. Shuck, 50 S. W. 681; Mfg. Co. v. Lawson, 57 Wis. 404; Norton v. Association, 68 N. Y. Supp. 32; Railroad Co. v. Reisner, 18 Kan. 459; Tyler v. Company, 52 N. Y. Supp. 77. See authorities under point 2. Gunning Co. v. Wanamaker & Brown, 115 Mo. App. 270. (4) The apparent scope of authority of O. H. Maxwell to place the advertisement was properly a question for the jury. The facts regarding his authority being in dispute, it became a question for the jury to determine. Davies v. Steamboat Co., 94

Maine 383; Johnson v. Investment Co., 46 Neb. 490; Holt v. Schneider, 57 Neb. 530; Huntley v. Matthias, 90 N. C. 105; Banknote Co. v. Mackey, 83 Hun (N. Y.) 513; 1 Clark & Skyles on Agency, p. 496; Johnson v. Brisco, 104 Mo. App. 500; Gunning Co. v. Wanamaker, 115 Mo. App. 270; Johnson v. Investment Co., 46 Neb. 490.

ELLISON, J.—Plaintiff, a newspaper company, instituted this action to recover the amount of a bill for advertising the sale of a lot of real estate in or near a town called Sugar Creek in Jackson county, near Kansas City, Missouri. The judgment in the trial court was for the plaintiff. The fact that plaintiff did the advertising is not disputed, nor is the reasonableness of the charge. The only question in the case relates to the authority of the person who actually ordered the advertisement to bind the defendant company.

The defendant is a corporation. Its articles of association authorized it to "carry on the hay and grain business, buy and sell hay and grain, carry on a warehouse business, buy and sell real estate necessary to carry on the business." Charles D. Carlisle, Samuel Hardin, O. H. Maxwell and W. A. Carpenter were the stockholders, though the latter stated he had no interest in the corporation. Carlisle was president, Carpenter was secretary and Maxwell was vice-president and general manager. Maxwell was the person who engaged the plaintiff to do the advertising and it is his authority to bind the defendant which is questioned.

It may be conceded that defendant's corporate business was not buying and selling real estate for speculative purposes; and it may be conceded that the purchase of the real estate, the sale of which was advertised in plaintiff's paper, was for speculation. But a corporation does not conclusively exculpate itself from liability by a mere showing that the act for which liability is charged, was an act which it was not incorporated to

perform. It would, of course, perpetrate a great injustice to allow a private corporation to do business beyond the terms of its articles and receive all the profits therein, and then aid it to repudiate the liabilities incurred in prosecuting the business. Receiving the profits of a business transaction, with knowledge of how they came, is an adoption of the transaction, and the corporation will be estopped to deny the power to do the business, when asked to pay the obligations incurred in prosecuting it.

But nothing in the way of profit received seems to have been shown in this case and defendant contends that Maxwell had no authority to bind the defendant. That was a question of fact which was submitted to the jury by instructions which we do not regard as subject to criticism. There was much evidence tending strongly to prove his authority, and we are bound by the verdict. The evidence tended to prove that Maxwell, as one of his official titles indicated, was the general manager and director of the company's affairs. He acted also in capacity of treasurer and checked on its accounts. But what is more to the present purpose, we think there was substantial evidence tending to show that the entire official force of the defendant, including the president, knew of the advertisement in its name and accepted or adopted it. The advertisement was of large one-half page proportions and was to the effect that the defendant would offer for sale at Sugar Creek, on Sunday, a large number of one-acre tracts of land. A scheme of purchase and sale being therein set out and the means whereby people from Kansas City could be taken to the place by certain street cars and hacks which would be provided. Prospective purchasers were to be served on the ground with luncheon and other inducements portrayed to insure a crowd to attend the sale. The official force of the defendant, including Carlisle, the president, and

123 App—2

Maxwell, went out to the place. Carlisle admitted that he read the advertisement before getting up Sunday morning. That was not all the evidence which we think tended to prove plaintiff's case, but when it is considered, it is not a matter of surprise that the verdict should have been as it was. It is clear that it tended to prove an adoption of Maxwell's act, or a ratification of his authority. [St. Louis Adv. Co. v. Wanamaker, 115 Mo. App. 270.]

A part of the additional evidence presents a legal question and we mention it separately. One of plaintiff's staff who had in charge the advertising was called up over the telephone by some one asking about the advertisement and speaking of it as one "we are putting in." This person gave his name as Carlisle, and on being asked what connection he had with it, replied that he was president of the company which was having the advertisement inserted in the paper. Notwithstanding Carlisle was unknown to the party, and, in consequence, there being no way for such party to identify him by voice, yet the evidence was admissible, to be given such weight as, under the circumstances, the jury thought was proper. [Wolfe v. Railroad, 97 Mo. 473; Globe Printing Co. v. Stahl, 23 Mo. App. 451; Shawyer v. Chamberlain, 113 Iowa 742.] We had occasion to speak of the reason which supports the admission of this character of evidence in Guest v. Railway, 77 Mo. App. 261.

The action was begun before a justice of the peace and estoppel *in pais* being matter founded in principles of equity, and justices of the peace not having any jurisdiction in equity, it is claimed by defendant that the principle of estoppel cannot be invoked in this case. The case of DeMoss v. Furniture Co., 74 Mo. App. 117, supports defendant's claim, but that case and those upon which it was based were overruled in Pitman v. Mining Co., 78 Mo. App. 439.

The record does not afford us any ground for interfering with the judgment and it is accordingly affirmed. All concur.