(No. 5220. May 5, 1928.)

J. R. FIELD, Appellant, v. DRAINAGE DISTRICT No. 1 OF THE COUNTY OF GEM IN THE STATE OF IDAHO and J. W. TYLER, W. C. STONE and W. M. WILSON, as Commissioners of Said Drainage District, Respondents.

[267 Pac. 443.]

Wm. M. Morgan for Appellant.

250

Charles F. Reddoch and Harry S. Kessler, for Respondents.

TAYLOR, J.—Appellant brought this action to enjoin the issuance of bonds by respondent district and to cancel assessments made against appellant's lands. The trial court, on stipulated facts, rendered judgment for the defendants, from which this appeal is taken.

The original temporary organization of the district under C. S., secs. 4495 to 4499, not including appellant's land, is stipulated to have been regular. The commissioners, stipulated to have been regularly appointed, made the report contemplated by C. S., sec. 4504, and therein proposed a change of boundaries to include plaintiff's lands, under the provisions of C. S., sec. 4509, and apportioned assessments against all the lands, and against the lands of appellant in the sum of $782.92.

Upon this report, a notice purporting to be in conformity with C. S., sec. 4510, was given of a hearing to be had thereon. This notice was directed to "the land owners and all persons or corporations interested in the lands included in the territory within the boundaries of the proposed Drainage District No. 1 of Gem County." Numerous objections and remonstrances were filed against this report, but no hearing was held thereon. Thereafter, the commissioners filed a supplemental report under C. S., sec. 4514, and a further notice was given of a hearing to be had thereon, which was directed to "the land owners and all persons or corporations otherwise interested in lands included in the boundaries of Drainage District No. 1 of Gem County, or within the proposed enlarged boundaries thereof." The service of these notices is conceded to have been regularly made upon appellant, and all to whom they were directed.

Upon hearing upon this supplemental report, the final organization of the district and the assessments levied were confirmed. Immediately thereafter a transcript of this confirmation was filed, as provided by C. S., secs. 4526 and 4527. Appellant made no objection at the hearing, and took no appeal from this order confirming the organization of the district and the assessments. In the years 1924, 1925 and

1926 the commissioners levied upon all of the lands, including plaintiff's, an assessment of two per cent of the total levy. These assessments were paid by appellant without any protest. Later, and in December, 1927, the commissioners filed a petition for a change of plans under C. S., sec. 4534, and a notice of hearing was ordered and given upon this petition. A hearing was had and the change of plans approved. Thereafter, the commissioners let a contract for improvements, and the contractor has performed work and incurred expense for which the district is obligated in the sum of approximately $20,000. To pay the cost of construction the commissioners have authorized the issuance of the bonds in the sum of $120,000, herein contested.

Appellant contends that the notices, given under C. S., sec. 4510, of the hearing on confirmation of the commissioners' report, and, under C. S., sec. 4514, of the hearing upon the supplemental report, and, under C. S., sec. 4534, of the hearing on proposed change of plans, were each insufficient to give the court jurisdiction to hear those matters, and that the hearings and respective orders made thereon were void, and that thus the assessments levied were and are void, and the proposed bond issue will be void and a cloud upon his title. As to the notices of hearing ordered under section 4510, and the supplemental report under section 4514, appellant relies upon the holding of this court in *Boone v. District Court*, 38 Ida. 688, 224 Pac. 429.

The Boone action was prosecuted in a timely manner prior to confirmation. Upon objection at such a stage of the proceedings notices are held to a more strict compliance with statutory requirements than when sought to be contested later by one who, properly notified, has waived objections thereto at the time afforded by statute for such objection. The court therein had before it an explicit showing of facts that the report of the commissioners explicitly sought to include additional territory not included in the original temporary boundaries. The trial court had refused to proceed upon a defective notice running only "to the land owners

and any and all persons or corporations owning or interested in lands included in the territory within the boundaries of Drainage District No. 3.'' It was there specifically brought to the attention of the trial court, and held by this court, that such notice was not notice to the owners of additional lands sought to be included. This court therein held that such notice was ''undoubtedly sufficient as to all the land owners within the original boundaries of the district to vest the court with jurisdiction as to them,'' but that it was not sufficient ''as to the land owners within the additional territory sought to be included.'' In the present instance, the notice was to the land owners and all persons interested in the lands included ''or within the proposed enlarged boundaries.'' The plaintiff was thereby duly notified, and made no protest whatever to the confirmation of the district, and did not appeal from the order of confirmation. He has paid assessments regularly levied without protest; has stood by and seen the district incur the expense of the improvements, and the contractor expend time and money in reliance upon the regularity of the proceedings. Unless the notice was so deficient as to render the proceedings void, he will not be heard to complain, and, as specifically alleged in the answer, he will be estopped to raise such question at this time, both by his conduct and by reason of statute.

Ordinarily, one duly notified cannot complain that some other is not notified, especially after the conclusion of a proceeding in which there was opportunity to present such objection. Silence and a failure to raise the objection will constitute an absolute waiver. Plaintiff, having failed to raise such objection at the time of the hearing, or to appeal from the confirmation, is concluded by C. S., sec. 4513, unless the proceedings are such that the failure complained of in the notice renders them entirely void; in other words, unless they are such an entirety that their being void as to those not notified makes them void entirely (*City of Louisiana v. McAllister*, 104 Mo. App. 152, 78 S. W. 314), or failure to give the notice will prevent the

creation or confirmation of the district (*Grimes v. Coe,* 102 Ind. 406, 1 N. E. 735; *Williams v. Osborne,* 181 Ind. 670, 104 N. E. 27).

The plaintiff has not alleged the existence of any other persons interested who would be injuriously affected by a failure to receive notice, or who have been deprived of notice. In a proceeding where the party contesting has himself been duly notified, and has waived his opportunity to present such objection in the timely manner afforded by statute, the court, in the absence of any allegation or showing that there are other persons who should have been notified, or who such persons were, or what their interests were, or that they or their interests are such that if the proceedings were void as to them, the invalidity would destroy the entire creation of the district, is not required to presume the existence of such interested parties who might be affected thereby, who should have been notified, and upon any such presumption declare the notice insufficient as to persons who or interests which perhaps do not exist at all, or that such failure to give notice to any such presumed person, is such a failure of notice as would render the proceedings void and destroy the entire creation of the district. (*Turpin v. Lemon,* 187 U. S. 51, 23 Sup. Ct. 20, 47 L. ed. 70.)

Counsel further contends that the service of summons on the proposed change of plans was insufficient. C. S., sec. 4534, provides that—

"Upon the filing of said petition the court shall cause a summons to be served, setting forth the prayer of said petition under the seal of the said court, which summons shall be served in the same manner as the service of summons in the case of the original petition, upon all the landowners or other persons having any lien or interest therein appearing of record in said district."

Counsel contends that no "summons" was required "in the case of the original petition," and that either a summons must be served as in civil actions, under C. S., sec. 6676, or that the provision is so indefinite and uncertain

as to be incapable of judicial interpretation, and therefore no provision has been made for giving notice of a change of plan. It is true the reference is to service "as the service of summons in the case of the original petition," and that in the case of the original petition a summons is not served, but "a notice of the time and place," together with the "petition," is required to be "published for at least three successive weeks." This requirement has reference only to the method of service, and the summons herein was issued in the form of a summons and was published and thus "served in the same manner as the service" in the case of the original petition.

The judgment is affirmed. Costs to respondents.

Wm. E. Lee, C. J., and Budge, Givens and T. Bailey Lee, JJ., concur.