**Helen ZIMMERMAN, Respondent,**

v.

**ASSOCIATES DISCOUNT CORPORATION, Appellant.**

**No. 54415.**

Supreme Court of Missouri, En Banc.

Sept. 8, 1969.

Jack N. Bohm, Kansas City, for plaintiff-respondent.

Howard D. Lay of Morris, Lay & Tarver, Kansas City, for defendant-appellant.

DONNELLY, Judge.

This is an action for damages for invasion of privacy. Plaintiff received a verdict in a total amount of $2,500, and defendant appealed to the Kansas City Court of Appeals which Court adopted an opinion affirming the judgment. We ordered the case transferred to this Court and it will be determined here the same as on

original appeal. Art. V, § 10, Const.Mo. 1945, V.A.M.S.

Plaintiff, the wife of David Zimmerman, was an employee of the American Hereford Association. In 1962, David Zimmerman purchased a new car. The car was financed by defendant. Plaintiff did not sign the note. Plaintiff testified that beginning in May, 1963, she began to receive telephone calls from employees of defendant; that the first calls were requests for plaintiff to find out from her husband when he would send in a payment but later the callers tried to coerce plaintiff into making payments; that the calls continued through June and July, 1963, becoming more frequent until the defendant's employees were calling plaintiff daily at her work and threatening to contact her employer, or garnishee her wages; that, as a result of the calls, she became very upset and could not do her work; and that the calls stopped coming after the car was repossessed by defendant in the latter part of 1963.

■ Defendant first contends that the trial court erred in overruling its objections to evidence "regarding incoming phone calls, allegedly from employees of the defendant, from an unidentified number, when there was no identification or other means to render competent such hearsay evidence." We do not agree.

The applicable general rule was stated in State ex rel. Strohfeld v. Cox et al., 325 Mo. 901, 905, 906, 30 S.W.2d 462, 464, as follows: " * * * Where one is called by telephone with his number, and answers, admitting himself to be the person called, testimony of the caller relating the conversation ensuing is held admissible. The number called is owned by and under the control of the person to whose name the number is attached. It is certain that the answer is from that number, a circumstance tending to show that the person answering is the person called or one who has authority to answer for him. But where the telephone call is from an unknown number and the person called answers and asks who

it is, any reply as to the number from which the call comes or as to the name of the caller would be pure hearsay. There would be no competent evidence that the call came from the number it claimed to be."

Plaintiff recognizes the general rule but states her position as follows: "In the instant case, the plaintiff testified that she received many telephone calls from people who identified themselves as being employees of the defendant, Associates Discount Corporation. In Answers to Interrogatories, the defendant admitted that it had in its employ people with the names used by the callers on the telephone. The conversations between the plaintiff and the callers from the defendant's office all dealt with a note signed by the plaintiff's husband, and delinquent payments due on said note. It is very unlikely, in fact, almost improbable that anyone other than the defendant, the plaintiff and her husband would know about the existence of said note, and especially the fact that payments on it were delinquent. Certainly it would seem that the subject matter of the calls * * * would adequately identify the caller so as to make the conversations admissible. * * *."

We agree with plaintiff that an exception to the general rule should be made when sufficient circumstantial evidence is introduced to show the identity of the caller. This view is supported in Wigmore on Evidence, 3rd Edition, Vol. VII, § 2155. See also 29 Am.Jur.2d, Evidence, § 383 and 31A C.J.S. Evidence § 188. We consider the circumstantial evidence sufficient for this purpose in this case. Cf. Kansas City Star Pub. Co. v. Standard Warehouse Co., 123 Mo.App. 13, 99 S.W. 765; Gutowsky v. Halliburton Oil Well Cementing Co., Okl., 287 P.2d 204. The evidence relating the telephone conversations was admissible.

■ Defendant next contends that plaintiff failed to make a submissible case under the theory of invasion of privacy. We agree.

In Biederman's of Springfield, Inc. v. Wright, Mo.Sup., 322 S.W.2d 892, 895, Division No. Two of this Court stated that an "individual's right of privacy is legally protected and the violation of such right has been recognized as an independent tort by the courts of Missouri." The Court held that evidence of unreasonable and oppressive oral communications made in an attempt to collect a debt will support an action for invasion of privacy. However, the Court recognized (322 S.W.2d 892, 898) that such " 'tort must be founded upon publicity, in the sense of communication to the public in general or to a large number of persons, as distinguished from one individual or a few.'" See Prosser on Torts, 3rd Ed., § 112, p. 835; 4 Restatement of Torts, First, § 867; and Prosser, Privacy, 48 Cal.L.Rev. 383, 393, 394. Cf. Yoder v. Smith, 253 Iowa 505, 112 N.W.2d 862; Patton v. Jacobs, 118 Ind.App. 358, 78 N.E.2d 789; and Voneye v. Turner, Ky., 240 S.W.2d 588.

There is no evidence in this record to show that any person, other than plaintiff, heard what was said to plaintiff. The element of "publicity" is not supported by evidence. Therefore, the judgment for plaintiff, based upon a cause of action for invasion of privacy, cannot stand.

▆ In this posture, what disposition should be made of the case? It is apparent that plaintiff proceeded upon an erroneous theory of liability on the part of defendant. However, under the circumstances, we cannot conclude that this was "done for strategic advantage." See Smith v. St. Louis Public Service Co., 364 Mo. 104, 111, 259 S.W.2d 692, 696. The rule stated in Smith v. Terminal R. R. Ass'n of St. Louis, Mo.App., 160 S.W.2d 476, 479, applies: "The furtherance of justice requires that a case should not be reversed without remanding unless the appellate court is convinced that the facts are such that a recovery cannot be had; and even though the plaintiff fails to substantiate the theory upon which his case was tried, if he nevertheless shows a state of facts which might entitle him to recover if his case were brought upon a proper theory, the judgment will not be reversed outright, but instead, in the exercise of a sound judicial discretion, the case will be remanded to give him the opportunity to amend his petition, if so advised, so as to state a case upon the theory which his evidence discloses." Cf. Cudney v. Midcontinent Airlines, 363 Mo. 922, 254 S.W.2d 662, and Pigg v. Bridges, Mo.Sup., 352 S.W.2d 28.

The record shows a state of facts which justifies a remand to permit plaintiff to seek recovery under some other theory of liability, if so advised. For example, see 1 Restatement, Law of Torts, Second, § 46; Pretsky v. Southwestern Bell Telephone Company, Mo.Sup., 396 S.W.2d 566.

The judgment is reversed and the cause remanded.

All concur.