————o————

## AMANDA CORBY, Respondent, *vs.* FRANK M. TRACY, Appellant.

1. *Justice's judgment—Revival by executrix—Citation—Lapse of more than ten years—Construction of statute.*—Execution cannot issue on a justice's judgment by reason of its revival in the name of an executrix, as provided by Wagn. Stat., 830, § 5, after three years from the date of the rendition of the judgment against the testator. In order to have execution in such case, the judgment must be revised as provided by Wagn. Stat., § 7, 8 and 9, pp. 830, 831.

62 511
56a 338
62 511
61a 433
62 511
149 448
62 511
83a 231

2. *Judgment—Courts of record—Justices—Revival—Scire facias—Limitations.—statute of.*—A *scire facias* may issue to revive a justice's judgment after the lapse of ten years. The statute of limitations applies only to judgments of courts of record. (Humphreys vs. Lundy, 37 Mo., 320.)

3. *Justices' judgments—Execution—Scire facias—Transcript—Lien—Statute, construction of.*—The statute (Wagn. Stat., 830, § 6), prohibiting a party from suing out an execution on a justice's judgment more than three years after its rendition, when such judgment had not been revived, refers exclusively to the issuing of executions by justices, and has no application to proceedings on a transcript filed in the office of the clerk of the circuit conrt. The lien will attach from the time the transcript is filed, with like effect as upon a judgment from the date of its rendition. (Carpenter vs. King, 42 Mo., 219.)

4. *Justices' judgments—Transcript—Filed thirteen years after rendition of judgment—Status of.*—*Quære*, can an execution be issued at any time within ten years after the filing of the transcript of the judgment of a justice's court, (in this case, the transcript being filed thirteen years after the rendition of the original judgment), or must the circuit court take cognizance of the existence of the original judgment, prior to the filing of the transcript in the office of the circuit clerk ?

5. *Practice, civil—Supreme Court—Bill of exceptions—Motion to quash execution.*—This court will not consider a motion to quash an execution, when it is not embodied in the bill of exceptions.

### *Appeal from Buchanan Circuit Court.*

### *Doniphan & Reed,* for Appellant.

I. The judgment was more than ten years old in October, 1871, and could only be revived by a suit at law, and no execution could issue, (Wagn. Stat., 791, § 11) and being in the circuit court, it was to be treated as a judgment of that court. (Bauer vs. Bauer, 40 Mo., 61 ; King vs. Carpenter, 42 Mo., 219.)

### *B. R. Vineyard,* for Respondent.

I. The motion to quash the execution not being a part of the record, and not being saved in the bill of exceptions, the Supreme Court will affirm the decision of the lower court. (State vs. Wall, 15 Mo., 208 ; London vs. King, 22 Mo., 336; Blount vs. Zink, 55 Mo., 455.)

II. This execution, being returned not satisfied, on that day, became *functus officio*, and being returned by the officer, no motion could, after that, be entertained to quash it.

HOUGH, Judge, delivered the opinion of the court.

On the 30th day of August, 1860, a judgment was rendered by a justice of the peace of Buchanan county, in favor of John Corby, and against the defendant, Tracy. On the 26th day of October, 1871, and after the death of said Corby, a citation was issued by the justice, under the provisions of the 5th section of article 6, Wagn. Stat., relating to justice's courts, requiring the defendant to show cause why said judgment should not be revived in the name of the plaintiff as executrix of John Corby. The defendant appeared to the citation, and on the 8th day of November, 1871, said judgment was by the justice revived in the name of the plaintiff. A transcript of the judgment as revived was filed in the office of the clerk of the circuit court of Buchanan county on the 10th of March, 1873. Execution was issued thereon on the 13th day of July, 1874, and was on the same day levied on certain personal property of the defendant, for which a delivery bond was given. This execution was returned unsatisfied on the 7th day of September, 1874, the return day thereof, without any sale thereunder. On the 26th day of September, 1874, and during the term to which the execution was returnable, the defendant filed a motion to quash said execution, which was overruled, and he has brought the case here by appeal.

Passing by the question, whether the motion to quash was proper under the circumstances of this case, it having been made after the return of the execution, and omitting for the present any reference to another point, which is fatal to the defendant's case, we proceed to notice one objection made by him to the judgment of the court below, chiefly for the purpose of calling attention to the want of appropriate legislation on the subject.

It is contended by the defendant, that under the citation issued in favor of plaintiff, as executrix, in October, 1871, the judgment was not, and, being more than ten years old, could not have been, revived under the statute, and that no execu-

tion could have been legally issued thereon by the justice, or by the circuit clerk after the transcript was filed in his office.

It must be conceded, that the proceedings before the justice in October, 1871, would not have afforded sufficient authority to that officer for issuing an execution on the judgment in the name of the plaintiff, as more than three years had then elapsed since the rendition of the judgment; and the citation was not issued, nor were the proceedings thereunder had, with a view of reviving the judgment and having execution thereon as provided in sections seven, eight and nine of the act relating to justices' courts above cited. But the defendant is wrong in supposing that a judgment in a justice's court cannot be revived in the mode pointed out in the last named sections, after the lapse of ten years. That point was expressly decided otherwise in the case of Humphreys vs. Lundy (37 Mo., 320), which was affirmed in Sublett vs. Nelson (38 Mo., 487). It was there held that a *scire facias* under the code, to revive a justice's judgment, may issue after the lapse of ten years, and that the statute of limitations applies only to judgments of courts of record. It was further held in Carpenter vs. King (42 Mo., 219), that the provisions of our statute, prohibiting a party or his legal representatives from suing out execution on a judgment of a justice's court more than three years after its rendition, when such judgment had not been revived, refer exclusively to the issuing of executions by justices of the peace, and have no application to proceedings on a transcript filed in the office of the clerk of the circuit court. And it was then said, that the "import and intention of the statute is clear, and that is, that the lien should attach from the time the transcript is filed, for the same length of time and with like effect as upon a judgment from the date of its rendition." The execution was issued from the circuit court in that case in a little more than three years after the rendition of the judgment of the justice.

At the time the transcript in the present case was filed with the circuit clerk, the justice's judgment was valid and binding, though a *scire facias* was necessary in order to have

execution, and after such *scire facias* execution might have issued at any time within the three years next ensuing. What was the status of this judgment when it became a part of the records of the circuit court? If it should be treated as a judgment of the circuit court rendered at the date it was filed in the clerk's office, execution might be issued thereon at any time within ten years after such filing, and the judgment in the present case would thereby be kept alive for a period of twenty-three years, thus carrying it beyond the period at which, in analogy to the statute in relation to judgments and decrees of court of record, it might be presumed to be satisfied. And on the same principle the existence of justices' judgments be much further prolonged.

On the other hand, if notice must be taken in the circuit court of the previous existence of this judgment for the period of thirteen years prior to the filing of the transcript, no execution could be issued from the circuit court, and no *scire facias*, as both are limited to ten years after judgment. The judgment would thus become of less value than it was before the transcript was filed. The difficulties of the case are patent, and we have thus called attention to them with the hope that some remedy may be provided by the appropriate department of the government. We are relieved of the necessity of prescribing a rule in such cases. The plaintiff has urged upon our attention the fact, that the motion to quash the execution, even though it should be considered a proper step in the cause, is not embodied in the bill of exceptions; and under our previous decisions it cannot be considered. (State vs. Wall, 15 Mo., 208; London vs. King, 22 Mo., 336; Blount vs. Zink, 55 Mo., 455.)

The judgment of the circuit court must, therefore, be affirmed. Judges Napton and Sherwood concur. Judges Wagner and Vories absent.