### JOSEPH NEY v. LOUIS A. MUMME.

(Case No. 5762)

1. TENANT IN COMMON—TRESPASSER—It is well settled that a tenant in common may recover the entire land belonging to himself and his co-tenants from a mere trespasser. (Lowers *v.* Peterson, 59 Tex., 216, etc.)
2. PATENTS—RECORDS OF LAND OFFICE—EVIDENCE—The records of patents in the general land office stand in the same position, and have equal dignity and the same effect, as the original patents delivered to the grantees. (McGarrahan *v.* Mining Co., 96 U. S., 319.) A certified copy of a patent from those records is primary evidence of its issuance. (Authorities reviewed.)

APPEAL from Medina. Tried below before the Hon. T. M. Paschal.

Joseph Ney brought this suit for partition of three hundred and twenty acres of land against appellee, L. A. Mumme, claiming two hundred and forty acres undivided interest in survey No. 118, in Medina county. Appellee filed special and general exceptions and, a cross-bill in trespass to try title. Appellant answered appellee's cross-bill by general denial. Appellee's exceptions to appellant's petition for partition were sustained, and, appellant refusing to amend, both parties went to trial on appellee's cross-bill and appellant's general denial.

*James A. Stator* and *Ed. de Mantel*, for appellant, cited: Hughes *v.* Lane, 6 Tex., 291; Kinney *v.* Vinson. 32 Tex., 127.

No brief on file for appellee.

WILLIE, CHIEF JUSTICE—That one tenant in common may recover the entire land belonging to himself and his co-tenants from a mere trespasser is now too well settled to require further discussion. Sowers *v.* Peterson, 59 Tex., 216; Read *v.* Allen, 56 Tex., 176; Hutchins *v.* Bacon, 46 Tex., 414.

Ney was, under the proof, a naked trespasser upon the land sued for, and there was, therefore, no error in allowing a judgment to be rendered for Mumme for the entire tract, if he showed himself a tenant in common with Mrs. Bless, the only heir of the original grantee, whose title had not been conveyed to him. Title to an undivided interest in the land was traced by Mumme back to the government by legal evidence, unless the certified copy of the patent to Johannes Schumacher was improperly admitted. No predicate for the introduction of this copy was laid, and, if it is to be treated as secondary evidence, it should not have gone to the jury. This precise question has never before come before this court, so far as we are informed. In the case of McLelland *v.* Moore, 48 Tex., 355, a certified copy of a patent was admitted after affidavit made that the original could not be produced. The court said that the ruling was correct, a proper predicate having been laid for its admission as secondary evidence. It was not necessary in that case to go so far as to say, and the court did not hold, that it should not have been admitted as primary evidence, had no predicate been laid by proving that the original could not be procured.

Our constitution and statutes require that every patent emanating from the state shall be recorded in a book to be kept for that purpose in the general land office. These records are not kept for the purpose of giving notice of the issuance of the patent, but to preserve evidence

of the transactions of the department. The original patent is delivered to the grantee for his own protection, and he may use it as evidence of title. But the records of the land office stand in the same position, and have equal dignity and the same effect. McGarrahan v. Mining Company, 96 U. S., 319. They satisfy the state that its title to the land has passed to the patentee. They are the only evidence to which the state looks to ascertain this fact. When produced by the grantee, they are conclusive against the state government upon the question as to the issue of the patent. If conclusive against the state, they are conclusive against any person; for, if the state cannot deny its own act, no one else has the right to do so for it.

In the present case, the copy was introduced upon the question as to whether or not the state had parted with its title to the land in favor of Schumacher. The defendant proposed to show this by the evidence which the state preserved of the very fact to be proved. He offered the records of the land office as evidence of its official acts. Certainly no better evidence could have been offered than that which the government itself preserved for the purpose of serving as such evidence. The original records could not be used, and hence a certified copy was produced as authorized by statute. R. S., art. 2253.

"By the common law," says Judge Story, in Patterson v. Winn, 5 Pet., 233, "an exemplification of a public grant, under the great seal, is admissible in evidence as being record proof of as high a nature as the original. It is a recognition, in the most solemn form, by the government itself, of the validity of its own grant under its own seal, and imparts absolute verity as matter of record." A patent to land issued by the state government of Georgia was held in that case to stand upon the same footing, in this respect, as a grant from the Crown of England, and the same rules applied to it, Georgia being governed, as to matters of evidence, by the common law. See also McKineron v. Bliss, 31 Barb., 180.

Our Revised Statutes say that the common law, in its application to evidence, shall be followed and practiced, so far as the same may not in this state be inconsistent with our statutes. R. S., art. 2245. If, according to that system of evidence, a certified copy from the proper executive department imparts absolute verity, and the government cannot gainsay it, no better evidence of a grant can be offered even by the original itself. We think the certified copy from the general land office was primary evidence of the issuance of the patent to Schumacher, and that it was properly admitted.

There is, therefore, no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered May 18, 1886.]