JAS. C. GALLAGHER *et al.,* Appellees, v. SAMUEL BELL *et al.,* Appellants.

Partition : COMMON SOURCE OF TITLE : EVIDENCE.

*Appeal from Louisa District Court.*—HON. J. K. JOHNSON, Judge.

SATURDAY, JANUARY 31, 1891.

ACTION for the partition of real estate. The issues also involve the title to the land. The district court gave judgment for the plaintiffs, from which the defendants appeal.—*Affirmed.*

*John Huff* and *E. W. Tatlock,* for appellants.

*Hurley & Hale* and *Newman & Blake,* for appellees.

GRANGER, J.—The petition asked the partition of six hundred and eighty-three acres of land in Louisa county, and represents that the plaintiffs, James C. and Mary E. Gallagher, are the owners of the undivided one-fourth thereof ; that certain other defendants are the owners of an undivided one-fourth, and that Samuel Bell, in his lifetime, was the owner of an undivided one-half thereof. Samuel Bell was living at the commencement of this suit, but has since deceased, and his widow and other devisees are made parties in his

-stead ; but, for convenience in considering the case, we will continue to use the name of Samuel Bell. in speaking of that interest. The defendants, other than Samuel Bell, make no issue with the plaintiffs which we need consider, but, in effect, join them as against Samuel Bell in asking for partition. Samuel Bell, in his answer, alleges own- ership to the entire tract of land, saying that he "claims the title to a portion of the land which once belonged to Thomas Bayne by virtue of a deed made by Gideon Bayne and wife to this respondent for all inter- est of the said Thomas Bayne in the estate of John Bayne, deceased, including his interest in the land in controversy, as he is advised the deed made by the said Thomas Bayne to Gideon Bayne never has been put upon record showing the transfer of the interest of the said Thomas Bayne to the said Gideon Bayne, but this respondent, relying upon his title from said Gideon Bayne, has been in actual, open, adverse, hostile, peaceable and undisturbed possession of said land described in the said last-named deed for more than ten years last past under claim of right and color of title." The answer contains specific denials of the allega- tions of title in the plaintiffs, or that they have any interest in the land, and asks for affirmative relief. The district court gave judgment for defendant Bell for an undivided one-half only of the premises, and for plaintiffs as prayed.

I. The plaintiffs offered and were allowed to put in evidence the copy of the patent issued by the general government as it appeared in the recorder's office, to show the claim of title as indicated by the abstract of title attached to their petition. The objection was that it was incompetent, being secondary evidence, and that no proper foundation had been laid. It will be seen that appellants claim title through or from one Gideon Bayne, and asks that their title, based thereon, be confirmed by decree. They are, then, estopped to deny the title of Gideon Bayne. As we understand, the appellees also claim title through the same source, Gideon Bayne being an intermediate grantor. The condition of the record is an acknowledgment of the title being in Gideon Bayne, and there was no necessity to show the title prior thereto, which was the effect of the evidence complained of.

Its admission was, as claimed by appellee, if error at all, without prejudice.

II. The plaintiffs are the children of Catherine Gallagher, deceased, and their title to the land in question is by devise from her. A point made against the decree entered below is that it does not appear from the record that the estate has been settled. A sufficient answer is that it does not appear from the record that it has not been settled. The record in no manner refers to, or deals with, the question. It was not an issue on the trial in the district court, and is not here.

The judgment below is AFFIRMED.