56  337
86  624

A. D. ECTON, Appellant, v. KANSAS CITY, OSCEOLA &
SOUTHERN RAILWAY COMPANY, Respondent.

**Kansas City Court of Appeals, January 29, 1894.**

**Appellate Practice:** EXCEPTIONS AT TRIAL. The action of the court,
during the progress of the court, is, strictly speaking, no part of the
record unless made so by bill of exceptions, and to entitle it to any
notice in the appellate court, exceptions must have been taken at the
time the alleged error was committed.

*Appeal from the Cass Circuit Court.*—HON. C. W.
SLOAN, Judge.

AFFIRMED.

*Geo. B. Strother* for appellant.

*Johnson & Lucas* for respondent

GILL, J.—The plaintiff appeals from a judgment
of the lower court, quashing an execution issued on a
judgment, by him obtained, against the defendant.
The cause originated in a justice's court, where the
defendant filed its motion to quash the execution.
The motion was overruled by the justice, and defend-
ant appealed to the circuit court. On a hearing there,
the court sustained the motion, and plaintiff is the
appellant here.

We are unable to review the action of the circuit
court, as to its ruling on the motion, for the reason that
the plaintiff saved no exceptions at the time of such
ruling. This course we are compelled to pursue, under
repeated decisions, in this state. As said in *Bateson v.*

VOL. 56—22

*Clark,* 37 Mo. 34, this was a matter of mere *exception,* which arose from the action of the court during the progress of the trial, and is "strictly no part of the record, unless made so by being incorporated in a bill of exceptions, and, *to entitle it to any notice, or be made available here, the action of the court must have been excepted to at the time the alleged error was committed.*" See, also, *Corby v. Tracy,* 62 Mo. 511.

The judgment must be affirmed. All concur.