BERNARD M. GRAFF, Respondent, v. WILLIAM J. DOUGHERTY, Appellant.

St. Louis Court of Appeals, June 22, 1909.

1. **PLEADING: Demurrer: Motions.** A demurrer is a pleading and will not lie to challenge the sufficiency of a motion.

2. **PRACTICE: Setting Aside Judgment: Fraud: Motion.** Where plaintiff has obtained judgment by fraud, a motion will lie to set aside such judgment and quash execution which has been issued thereon.

3. **APPELLATE PRACTICE: Record Proper: Exceptions.** An appellate court will review matters contained in the record proper even though no exceptions have been preserved thereto.

4. ———: ———: ———: **Motions.** The rulings of the court on motion interposed in the case are not a part of the record proper and must be excepted to at the time of the trial and preserved in the bill of exceptions in order to obtain a review in the appellate court.

5. ———: **Motions After Judgment: Motion for New Trial.** A motion for new trial is not a prerequisite to a review of the rulings of the trial court on motion filed after judgment.

Appeal from the St. Louis City Circuit Court.—*Hon. Robert M. Foster,* Judge.

AFFIRMED.

*E. P. Johnson* for appellant.

When a case is sent by change of venue from one justice of the peace to another, a judgment rendered by the latter, in the cause, against one of the parties who had not been served with notice in like manner as an original writ of summons is required to be served,

and who has not waived such service by voluntarily entering his appearance in the case, is premature and irregular. R. S. 1899, sec. 3974; Cullen v. Collison, 110 Mo. App. 174. Judgments will be set aside for irregularity where the party against whom it was rendered was not notified as provided by statute, or where the judgment is premature. R. S. 1899, sec. 795; State v. Tate, 109 Mo. 268; Showles v. Foreman, 81 Mo. 543; Reed Bros. v. Nicholson, 93 Mo. App. 34; Smith v. Best, 42 Mo. 188; Lawther v. Agee, 34 Mo. 372. To set aside the judgment on the ground of the irregularity disclosed on the face of the record, of no notice to appellant, as shown by the constable's return on the notice. This makes the irregularity apparent on the face of the record, said return, in like manner as a sheriff's return, being a part of the record. State v. Rainey, 99 Mo. App. 227, and cases cited; Feurt v. Carter, 174 Mo. 289. To set aside the judgment on the ground of a latent defect in the record, to-wit: that the judgment was rendered by the justice under the belief that appellant was a non-resident of the city of St. Louis, and, therefore not entitled to notice, a proposition that could not appear in the record, as it was not true. This makes a writ of error *coram nobis* of it, to set aside a judgment for a latent defect in the record, which, if known to the justice, he would not have rendered the judgment. Hadley v. Bernero, 103 Mo. App. 561, and cases cited; State v. Heinrich, 14 Mo. App. 149; State v. White, 75 Mo. App. 260; State v. Horine, 63 Mo. App. 5; Dugan v. Scott, 37 Mo. App. 670.

*Jamison & Thomas* for respondent.

NORTONI, J.—This appeal is from a ruling of the circuit court on a motion to set aside a judgment and recall an execution. It appears plaintiff instituted his suit against defendant in the justice of the peace court of the city of St. Louis. The defendant was personally served by writ of summons and appeared to the action.

He filed his application for, and was granted, a change of venue to another justice of the peace court in the same district. The justice of the peace to whose court the cause was transmitted on change of venue set the case for hearing on September 1st, and issued a notice to the defendant to that effect. This notice was never served upon him, however. It was returned by the constable reciting that defendant could not be found. The justice of the peace thereafter proceeded as though the defendant were a non-resident of the city, and issued notices by publication to the effect that the cause would be heard and determined on the date therein mentioned. The defendant not appearing thereto, judgment was given against him by default. Afterwards plaintiff procured a certified transcript of this judgment and filed the same in the office of the clerk of the circuit court of the city of St. Louis, as provided by our statute. Execution was duly issued thereon and levied upon property owned by the defendant. Afterwards the defendant filed the motion referred to, moving the circuit court to set aside the judgment of the justice which had then, by virtue of the statute, become parcel of the records of the circuit court. To meet this, plaintiff filed a paper which he denominated a demurrer. This paper, whatever it was, challenged the sufficiency of the grounds set forth in defendant's motion for setting aside the judgment referred to. The grounds contained in defendant's motion to set aside the judgment may be resolved under two heads: that is, the first group are such as might be sufficient for the writ of error *coram nobis* at common law; and the second, are grounds of fraud. The first grounds alleged pertain to the fact that defendant was a resident of the city of St. Louis and was proceeded against as though he were a non-resident. That is to say, the motion alleges that the defendant was at all times a resident of the city of St. Louis and that although the justice issued a notice to be served upon him, the constable failed to make personal service there-

of and returned it, reciting that defendant could not be
found; that upon this showing, notice by publi-
cation was given, as though he were a non-resident,
to the effect that this cause would be heard on a cer-
tain day. It thus appearing that the justice proceeded
upon the assumption that defendant was in fact a non-
resident when he was a resident of St. Louis, it may be
that such is a competent ground at common law to set
aside the judgment by a proceeding under the old form
of writ of error *coram nobis.* The point is not decided,
as it is entirely unnecessary to do so in this case. See,
however, Cross v. Gould, 131 Mo. App. 585, 110 S. W.
672.

The other ground brought forward in the motion to
set aside the judgment is to the effect that the plaintiff
in the case fraudulently represented to the justice that
defendant was in fact a non-resident of the city of St.
Louis and thus procured the justice to issue notices and
proceeded against him as though he were in fact a non-
resident. This ground, of course, asserts fraud on the
part of plaintiff in the act of procuring the judgment
and is a competent ground upon which a court may set
aside a judgment thus procured, on motion. [Down-
ing v. Still, 43 Mo. 309; Cross v. Gould, 131 Mo. App.
585, 110 S. W. 672.] And it may be on the authorities
cited that the court erred in sustaining plaintiff's paper
which he denominated a demurrer, challenging the suf-
ficiency of these grounds for relief. A demurrer is a
pleading under our law and of course a pleading of this
character will not lie to challenge the sufficiency of a
mere motion. Nevertheless the paper interposed in this
instance was so denominated and on the challenge there-
in contained, the court declared as a matter of law that
the grounds asserted in plaintiff's motion to set aside
the judgment were insufficient.

However all of this may be, and whatever the paper
was by which the plaintiff challenged the sufficiency of
this motion to set aside the judgment, the motion itself

is nothing more nor less than a motion.    It is so denominated by its author.    It is in no sense a pleading in the cause.    Its author denominated it a motion and the record so denominates and treats it.    Under the ruling in this State, relief sought in the character of the proceeding here disclosed, is by motion to set aside the judgment.    Our courts have frequently so declared. It is true this motion predicates in part upon equitable grounds which would no doubt support a bill in equity on the grounds of fraud perpetrated in the act of procuring the judgment.    [Hamilton v. McLean, 139 Mo. 678; Mayberry v. McClurg, 51 Mo. 256; Cross v. Gould, 131 Mo. App. 585, 110 S. W. 672.]    Nevertheless the relief sought is within the purview of such motions, as frequently decided, and in this particular instance, it was sought by motion.    As to the grounds *coram nobis;* this ancient writ is superseded in our practice by the modern motion to the same effect.    See Downing v. Still, 43 Mo. 309; Cross v. Gould, 131 Mo. App. 585, 110 S. W. 672; Fisher v. Fisher, 114 Mo. App. 627.    The point we desire to emphasize is that such a motion is a proper remedy and that the defendant elected to proceed by motion rather than by bill in equity or by the writ of error *coram nobis.*    From this it results, of course, that the matter before the court is an appeal from the ruling on a motion and not from an order or judgment on a pleading.    Defendant having chosen his remedy and proceeded by motion interposed in the case, it devolved upon him to preserve an exception to the ruling of the court and to preserve the motion as well in a bill of exceptions to have the matter reviewed on appeal.    It is certain that such motions are not pleadings, nor are they any part of the record proper.    The record proper consists of the petition, summons, and all subsequent pleadings, including the verdict and judgment; and these matters the law has made it our duty to examine and review, even though no exceptions be preserved with

respect thereto. However, the rulings of the court on mere motions interposed in the case are matters of exception only, and unless the motion itself is preserved in the bill and an exception to the action of the court in ruling thereon, the matter is not open to review here. [Bateson v. Clark, 37 Mo. 131, 134.] It appears plaintiff preserved no exceptions whatever to the action of the court on the motion referred to. He has presented no bill of exceptions here. The few matters before us appear in the alleged transcript as though they are of the record proper. In such circumstances, we are not permitted to review the action of the trial court on a mere motion which seeks only to set aside a judgment and recall and quash an execution. The identical question with respect to motions having for their purpose the recall and quashing of execution, has frequently been decided in this State. It is true, a motion for new trial is not a prerequisite to a review of such motions filed after judgment. In this respect, such motions are said to stand on a different footing from the usual motions interposed in the case; that is, in this respect, such motions filed after judgment seem to enjoy a special prerogative over the usual motions other than those which result in the determination of the whole case. [City of St. Louis v. Brooks, 107 Mo. 380, 383; Aultman v. Daggs, 50 Mo. App. 280, 288; In re estate of Howard, 128 Mo. App. 482, 490.] Notwithstanding this special prerogative accorded to motions filed after judgment which permits a review in the appellate court, even though the ruling thereon is not referred to in the motion for new trial, it is nevertheless essential to preserve an exception at the time of ruling and exemplify the same here by bill of exceptions, duly filed. This rule obtains as a prerequisite to the right of review in the appellate court. See the following cases in point: City of St. Louis v. Brooks, 107 Mo. 380, 384; Ecton

v. K. C. O. S. Ry. Co., 56 Mo. App. 337; Corby v. Tracey, 62 Mo. 511.

The judgment will be affirmed.   It is so ordered. *Reynolds, P. J.,* and *Goode, J.,* concur.