ELLA M. PICKEL, Respondent, v. FREDERICK J. PICKEL, Appellant.

St. Louis Court of Appeals, July 16, 1913.

1. MAINTENANCE: Trial Practice: Retaining Jurisdiction to Make Future Orders. Sec. 8295, R. S. 1909, authorizes the circuit court, in an action by a wife for maintenance, to reserve the right to make such further orders touching the controversy as shall appear to be meet and proper.

2. APPELLATE PRACTICE: Review of Rulings on After-Judgment Motions: Necessity of Exception: Maintenance. An order, awarding a wife an allowance for suit money and expenses growing out of ancillary litigation subquent to the rendition of a judgment for her in a maintenance action, is not reviewable on appeal, unless the motion for the order, as well as an exception to the order, is preserved in a bill of exceptions.

3. ————: Matters of Exception: Review: Prerequisites. Under Sec. 2081, R. S. 1909, the appellate courts are precluded from reviewing any exception that was not expressly decided by and saved in the trial court, and this provision cannot be evaded through the operation of any rule of court.

176 Mo. App. 43

4. ——: **Record Proper: Review.** The record proper consists of the summons, the petition and all subsequent pleadings, the verdict and the judgment; all of which the appellate court will examine for error although no exception was preserved with respect thereto.

5. ——: **Review of Rulings on After-judgment Motions: Necessity of Exception.** An exception to a ruling on an after-judgment motion is a prerequisite to a review thereof on appeal, but it is not necessary that the attention of the trial court be called to such ruling by a motion for a new trial, as is the case with matters of exception occuring before judgment.

Appeal from St. Louis City Circuit Court.—*Hon. Charles Claflin Allen,* Judge.

AFFIRMED.

*Barclay, Fauntleroy, Cullen & Orthwein* for appellant.

*Randolph Laughlin* for respondent.

NORTONI, J.—This is a suit under the statute by the wife against her husband for maintenance, but the appeal here relates alone to the allowance of suit money and expenses incident to the litigation. On a trial of the maintenance suit, the court found the issue and gave judgment for plaintiff. By this judgment plaintiff was awarded $100 per month for the support of herself and minor child. No appeal was perfected from the judgment, but subsequent litigation ensued between the parties in an endeavor to enforce the payment of the installments for maintenance so decreed.

It appears defendant transferred his property to his father, in fraud of his wife and to the end of defeating her judgment for maintenance. Because of this, a suit was instituted in equity by plaintiff against defendant and his father to set aside such fraudulent conveyance and sequester defendant's property, to the

end of compensating the decree for maintenance. This
suit was finally determined by our Supreme Court and
is reported under the title of Pickel v. Pickel, 243 Mo.
641, 147 S. W. 1059. By its decree in the maintenance
case—that is, the instant case—the court reserved
power to make such further orders in the premises
touching the controversy as should appear to be meet
and proper. The statute (section 8295, Revised Stat-
utes 1909) authorizes this course.

Subsequently, plaintiff filed her motion in the main-
tenance case for an allowance of suit money and ex-
penses of the litigation against her husband, and, up-
on a hearing, the court awarded the same to her. It
is from the order and judgment on this motion for suit
money that the present appeal is prosecuted by de-
fendant. From what has been said, it appears the ap-
peal is prosecuted from a judgment for suit money
given on a motion in the maintenance case. This be-
ing true, it is entirely clear no right of review obtains
here, for the reason defendant saved no exception to
the ruling of the court on such motion. Moreover, the
motion is not preserved in the bill of exceptions. In
such cases, an appeal is allowed from a ruling on a
motion in the case because it is final and determines
the question at issue, as though in a separate and dis-
tinct proceeding, but, nevertheless, an adjunct to the
principal cause. [See Steele v. Steele, 85 Mo. App.
224; State ex rel. v. Seddon, 93 Mo. 520, 6 S. W. 342.]
But though such be true, the appeal is not from the
final judgment. On the contrary it is from the ruling
on the motion in the case, and, therefore, presents a
matter of exception. [Steele v. Steele, 85 Mo. App.
224; Curtis v. Curtis, 54 Mo. 351; In re Howard Es-
tate, 128 Mo. App. 482-490, 106 S. W. 116.]   Indeed,
where the question arises on a motion in the case, it
may not be reviewed on appeal in any instance unless
an exception appears to have been saved to such rul-
ing. [See Lilly v. Menke, 92 Mo. App. 354; Graff v.

Dougherty, 139 Mo. App. 56, 120 S. W. 661; Bateson v. Clark, 37 Mo. 31.] It is, therefore, essential that both the motion itself, upon which the ruling is made, and the exception to the ruling should be preserved in the bill of exceptions as a prerequisite to review on appeal. [See Graff v. Dougherty, 139 Mo. App. 56, 120 S. W. 661.]

By the command of the statute (section 2081, Revised Statutes 1909), the appellate court is precluded from reviewing any exception which shall not have been expressly decided by and saved in the trial court. This arbitrary rule of the statute is one which may not be evaded or escaped through the operation of any rule of court on the subject, for the statute is of superior authority in that behalf. [See Serrano v. St. Louis & S. F. R. Co., 150 Mo. App. 607, 131 S. W. 371.] Here it appears defendant not only omitted to except to the ruling of the trial court on the motion, but he has omitted, too, to preserve the motion for suit money in the bill of exceptions. This being true, we are precluded from reviewing the arguments advanced for a reversal, for they all pertain to matters of exception.

The record proper consists of the petition, summons and all subsequent pleadings including the verdict and judgment, and these matters the law has made it our duty to examine and review, even though no exceptions be preserved with respect thereto. However, the rulings of the court on mere motions interposed in the case are matters of exception only and unless the motion itself is preserved in the bill and an exception to the action of the court in ruling thereon, the matter is not open for review here. [Graff v. Dougherty, 139 Mo. App. 56, 60, 61, 120 S. W. 661.]

It is true there are certain motions which may be reviewed on appeal even though no exception is saved or no motion for a new trial appears; such, for in-

stance, as a motion to strike out an entire pleading, which is equivalent to a demurrer, as will appear by reference to O'Connor v. Koch, 56 Mo. 253; or such as go to the whole cause and aim to dispose of it without trial, as in Aultman v. Daggs, 50 Mo. App. 280, 288; and there are other motions—that is, after-judgment motions—which may be reviewed though not called to the attention of the court in a motion for a new trial. [In re Howard Estate, 128 Mo. App. 482, 490, 106 S. W. 116.] But it is obvious the motion here is not of the class which, it is said, is tantamount to a demurrer or of that which goes to the whole cause with a view of disposing of it without a trial. It is true this motion is an after-judgment motion and is to be distinguished on that ground alone from the usual motion in a case. Such motions—that is, after-judgment motions—it is said, stand upon a different footing, in that they may be reviewed on appeal though not called to the attention of the trial court in the motion for a new trial. Obviously this is for the reason that motions of that character come into the case, as this one does, long after the motion for a new trial is disposed of. But be this as it may, such after-judgment motions, though subject to review, on appeal, without regard to the motion for a new trial, through the office of which all matters of exception preserved during the trial are usually accumulated for review, present, nevertheless, matters of exception. In this, too, such after-judgment motions seem to stand upon a different footing from that occupied by motions interposed during the trial, for exceptions as to the latter, and, as a rule, all exceptions, to be reviewed on appeal, should be accumulated in the motion for a new trial and may not be reviewed unless they are. But, it is said, though after-judgment motions that are reviewable at all may be reviewed on appeal without a motion for a new trial, they are, nevertheless, motions and not to be reviewed unless an exception is

duly saved to the ruling of the court thereon. [See City of St. Louis v. Brooks, 107 Mo. 380, 18 S. W. 22; In re Estate of Howard, 128 Mo. App. 482, 490, 495, 106 S. W. 116; Graff v. Dougherty, 139 Mo. App. 56, 120 S. W. 661; Ecton v. Kansas City, etc., R. Co., 56 Mo. App. 337; Corby v. Tracy, 62 Mo. 511.]

No exception having been brought to the attention of the trial court touching its ruling on plaintiff's motion for suit money, none may be reviewed here. The judgment should therefore be affirmed. It is so ordered. *Reynolds, P. J.*, and *Allen, J.*, concur.