# WILLIAM R. BUSH CONSTRUCTION COMPANY, Respondent, v. WILLIAM W. WITHNELL et al., Appellants.

### St. Louis Court of Appeals, April 6, 1915.

1. **LIFE ESTATES: Duty of Life Tenant:** The life tenant enjoys the seizin of the property, and it devolves upon him to protect the estate and transmit it unimpaired to the remainderman. Generally speaking, he is regarded as a trustee for the benefit of the remainderman, and he may not acquire an outstanding title for his own benefit, because of this relation of trust in favor of the remainderman.

2. ———: ———: **Special Tax Bills: Contribution.** Although current taxes and interest on incumbrances are to be paid by the life tenant, as to which no obligation for contribution exists between him and the remainderman, the rule is otherwise with respect to assessments made in due course for benefits to the property, resulting from permanent improvements which enhance the value of the estate, in respect to which an obligation exists on the part of the remainderman to bear his portion of the burden, and such may be enforced by way of contribution between the life tenant and the remainderman.

3. **SPECIAL TAX BILLS: Charter of St. Louis: Notice to Property Owner: Waiver.** Even though Sec. 25 of Art. 6 of the Charter of the city of St. Louis should be construed as re-

190MA3

quiring notice to be given to the property owner before a special tax bill for local improvements, or any installment thereof, becomes due, as a condition precedent to the right to maintain suit thereon (which question is not decided), such notice could be waived by the property owner, and the failure to raise such point in any way at the trial would constitute such a waiver.

4. **PLEADING: General Denial: Defenses: Premature Action.** The defense that a suit is prematurely brought may be invoked under a general denial.

5. **NEW TRIAL: Function of Motion.** The motion for a new trial is designed to accumulate and present for review in the trial court, and subsequently on appeal, the several exceptions saved against adverse rulings made on proceedings leading up to, and such matters as are presented and ruled upon during, the trial, before the entry of final judgment.

6. **APPELLATE PRACTICE: Matters of Exception: Scope of Review.** Sec. 2081, R. S. 1909, precludes the appellate court from reviewing any matter of exception that was not expressly decided and saved in the trial court.

7. **——: Premature Action: Necessity of Presentation in Trial Court.** In an action on a special tax bill, the question of whether the suit was premature, because notice was not given to defendants by the holder, could not be determined by the appellate court, where such point was not raised at the trial, since that point may not be raised for the first time on appeal; and the fact that it was urged in the motion for a new trial would not make it available on appeal, since that motion is designed to accumulate and present for review only such exceptions as have been saved to rulings of the trial court before and at the trial, prior to the final judgment.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Homer*, Judge.

AFFIRMED.

*E. T. & C. B. Allen* for appellant.

(1) The trial court correctly decreed that the plaintiff was not entitled to interest or penalty before the institution of the suits, because no notice of the amended tax bill was ever served on any of the defendants. Paving Co. v. Peck, 186 Mo. 520; Seaboard

Nat'l Bank v. Woesten, 176 Mo. 49; Eyerman v. Blaksley, 78 Mo. 152; St. Joseph v. Forsee, 115 Mo. App. 510; Perkinson v. Schnaake, 108 Mo. App. 255; Stifel v. McManus, 74 Mo. App. 564; Eyermann v. Provenchere, 15 Mo. App. 271. (2) Plaintiff's suit was prematurely brought and should be dismissed. Heard v. Ritchey, 112 Mo. 519; McCoy v. Farmer, 65 Mo. 249; Lawler v. Vette, 166 Mo. App. 352; Duryee v. Turner, 20 Mo. App. 34. (3) Service of the notice of the issuance of the tax bills determined their maturity and was a condition precedent to defendants' liability. Trinidad v. Hokasona, 178 Fed. 440; Simerson v. Railroad, 173 Fed. 612; Trust Co. v. Gibson County, 145 Fed. 874; Veginan v. Morse, 160 Mass. 143; Estes v. Tower, 102 Mass. 66. (4) Assuming the constitutionality of the charter provisions, yet they were not constitutionally applied under the facts of this case and are invalid. Their application resulted in the confiscation of defendants' property. Briscoe v. Rudolph, 221 U. S. 547; Martin v. District of Columbia, 205 U. S. 139; Raymond v. Traction Co., 207 U. S. 20; Seattle v. Kelleher, 195 U. S. 358; Norwood v. Baker, 172 U. S. 277; Hagar v. Reclamation Dist., 111 U. S. 701; Postal Cable Co. v. New Hope, 192 U. S. 55; Postal Cable Co. v. Taylor, 192 U. S. 64; English v. Arizona, 214 U. S. 359.

*Edw. C. Kehr* for respondent.

(1) The special tax bills sued on were issued in exact conformity to the charter of St. Louis as now definitely settled by the Supreme Court of this State. Charter of St. Louis, Art. 6, secs. 14, 24 and 25; Collier Estate v. Western Pav. & S. Co., 180 Mo. 362; Meier v. St. Louis, 180 Mo. 391; State ex rel. Pav. Co. v. St. Louis, 183 Mo. 230; Construction Co. v. Shovel Co., 211 Mo. 524; State ex rel. v. St. Louis, 211 Mo. 591; Gilsonite R. & P. Co. v. St. Louis Fair Assn., 231 Mo. 589; Granite B. & Pav. Co. v. Fleming, 251 Mo. 210.

(2) It is conclusively settled by the decisions of the Supreme Court of Missouri and the Supreme Court of the United States, that special tax bills for local assessments do not violate the Fourteenth Amendment to the Federal Constitution. Barber Asphalt Pav. Co. v. French, 158 Mo. 334; Meier v. St. Louis, 180 Mo. 391-408-9; French v. Barber Asphalt Pav. Co., 181 U. S. 324; Shumate v. Heman, 181 U. S. 403; Tonowanda v. Lyon, 181 U. S. 389; Chadwick v. Kelly, 187 U. S. 540; Schaefer v. Werting, 188 U. S. 516; Railroad v. Barber Asphalt Co., 197 U. S. 430. (3) Whether the owner's property will be benefited by a local improvement is a legislative question which is determined in the affirmative by the Municipal Assembly when it passes the ordinance for the improvement. Prior v. Construction Co., 170 Mo. 439-51; Gilsonite Co. v. St. Louis Fair Assn., 231 Mo. 590; Railroad v. Barber A. P. Co., 197 U. S. 434. (4) A special tax bill, whether void, voidable or merely imperfect as issued, may be amended within the time limited for its enforcement. Vieths v. Planet Co., 64 Mo. App. 207. The city can be compelled by mandamus to cancel an imperfect or erroneous special tax bill and to issue in lieu of it a complete and valid bill. State ex rel. Paving Co. v. St. Louis, 183 Mo. 230. The amendment made by the Board of Public Improvements by adding the names of the remaindermen to that of the life tenant, as owners of the property, was within its power and was properly made. (5) A special assessment for a local improvement is a charge upon the land, but not against the owner; the latter incurs no personal liability. The property itself and not the owner is the debtor for the amount of the assessment. Barber Asphalt Co. v. St. Joseph, 183 Mo. 456. The tax bill issued by the president of the Board of Public Improvements and countersigned by the Comptroller is a lien on the property from its date. Anderson v. Holland, 40 Mo. 600; Mercantile Trust Co. v. Niggeman, 119 Mo. App. 62.

Notice of the issuance of the tax bills having been served on the life tenant, a further notice to the remaindermen, whose names were subsequently added by amendment, was not a condition precedent to the right of action on the tax bills. No authority is cited to sustain defendant Withnell's proposition and none, I assume, can be found, although the charter amendment · in question has been before the courts constantly since its adoption. Fruin v. Meredith, 145 Mo. App. 604.

(6) The seisin of land is in the life tenant. During the continuance of the life estate he represents the property and must pay the taxes, keep it in repair, pay the interest on encumbrances and protect the title. Where he pays for permanent improvements, he is entitled to contribution from the remaindermen. 1 Cooley on Taxation (3 Ed.), 732; 1 Minor on Real Property, paragraph 219; Reyburn v. Wallace, 93 Mo. 326; Bobbs v. Wolfe, 54 Mo. App. 515; Taylor v. Planet P. & I. Co., 78 Mo. App. 137-9; Hildenbrandt v. Wolff, 79 Mo. App. 334; Berry v. Stigall, 125 Mo. App. 268.

(7) If the court should be of opinion that the notice served on the life tenant in July, 1907, was not sufficient to start the running of interest against the remaindermen, we call attention to the fact that in this State the institution of the suit is a sufficient demand and that interest runs from that date. This applies to all classes of cases. Evans v. W. Brass Mfg. Co., 118 Mo. 549-55; Williams v. Railroad, 153 Mo. 489; Trimble v. Railroad, 180 Mo. 574-87; Commission Co. v. Real Est. Co., 120 Mo. App. 432. A demand before suit is not a condition precedent to the recovery on a special tax bill, but where no demand is made interest runs only from the date of the suit. Eyermann v. Provenchere, 15 Mo. App. 256. The bringing of the suit was a demand in and of itself and from that date the penalty started. Paving Co. v. Peck, 186 Mo. 520.

NORTONI, J.—This is a suit on a special tax bill. Plaintiff recovered and defendants prosecute the appeal.

The tax bill sued upon was issued to plaintiff on June 29, 1907, in the amount of $3783.09, representing special assessments made to compensate the construction of a street—that is, Compton avenue between Meramec and Neosho streets—in the city of St. Louis. On the trial, a number of defenses were interposed touching the validity of the assessment. The court having found the issue and given judgment for plaintiff on these, an appeal was prosecuted to this court by defendants and the case was transferred to the Supreme Court because of the constitutional questions involved, as will appear by reference to Bush Construction Company v. Withnell, 185 Mo. App. 498, 170 S. W. 361. Subsequently, the Supreme Court returned the case to this court, in the view that the several constitutional questions were concluded by prior decisions of that tribunal.

On an examination of the record and the motion for a new trial, it is obvious that the only question which remains for consideration relates to the argument that the suit was prematurely instituted. Touching this matter, the motion for a new trial recites: ''The court erred in rendering a judgment against defendants' property in favor of plaintiff when on the undisputed facts the cause was prematurely brought, and the judgment should have been for the defendants.'' The facts relevant to a consideration of this proposition will be succinctly stated.

It appears that defendant William W. Withnell is the life tenant of the real estate against which the assessment for benefits evidenced by the tax bill in suit is levied and that the several other defendants are the remaindermen in the property. In other words, the lot of ground against which the tax bill was issued was formerly owned by William W. Withnell's father, and he,

by his last will, devised it to his son, William W. Withnell, for life, with remainder over to his children as remaindermen, who are also defendants. By competent proceedings to that end, Compton avenue, a public street of the city of St. Louis, was constructed and the assessment made against the lot for the benefits accruing to it on account of such street. The tax bill in the amount of $3783.09 was issued to plaintiff, the contractor, in compensation for the construction of the street, on June 29, 1907. William W. Withnell, the life tenant, alone was mentioned in the tax bill, as the owner of the property. On July 5, 1907, notice of the issuance of the tax bill was duly served by the city marshal upon William W. Withnell, the life tenant, in accordance with section 25 of the city Charter and the amendment of 1901 theretofore adopted. In accordance with the amendment of 1901 to the Charter, the tax bill was made payable in installments, and though notice was served on William W. Withnell, the life tenant, on July 5, 1907, none of the installments thereof have been paid. About twenty-three months after the tax bill was issued, it was presented to the proper city authorities for amendment, by inserting the name of the several remaindermen therein together with the life tenant, as owners of the property. Thereupon, on June 15, 1909, the tax bill was duly amended by inserting the names of the defendants other than the life tenant—that is, the several remaindermen therein—as owners of the property as well as the life tenant. But though such amendment was made, no further or additional notice of the issuance of the tax bill was served on any of the parties—that is, either on the life tenant or the several remaindermen. No payment having been made on the tax bill, plaintiff, the contractor, instituted this suit thereon. All of the defendants—that is, the life tenant and the remaindermen—having been duly served, appeared and answered and the case was tried on its merits, but no suggestion whatever was inter-

posed to the effect that the suit was prematurely instituted.

The answer contains, among other things, a general denial, and then pleads the affirmative defenses above mentioned, but refers in nowise to the matter of the suit being prematurely brought. The petition avers in proper form that due notice of the issuance of the tax bill was given and served upon all of the defendants on July 5, 1907, and there is no question made with respect to that matter in so far as the pleading is concerned. But on the trial plaintiff proved no more than that notice of the issuance of the tax bill was served upon William W. Withnell, the life tenant, on the date mentioned, and there is no evidence to the effect that notice of its issuance was ever given or served upon the several remaindermen who were imported into the tax bill as owners by the amendment of July 5, 1909. But though such be true, no point was made with respect to this matter in the trial court in any manner. Indeed, defendant did not even object to the introduction of evidence of the notice served upon William W. Withnell, as if it were insufficient to suffice as notice to all of the defendants. Neither did defendant interpose a demurrer to the sufficiency of the evidence at the close of plaintiff's case nor at the conclusion of the whole case.

No instructions whatever were asked or given in the case, and the suggestion that the suit was prematurely instituted appears for the first time in the motion for a new trial filed after judgment was entered for plaintiff. The trial court treated the institution of the suit as a demand on all of the defendants and allowed interest from that date only. So it is that no question of interest on the tax bill prior to the institution of the suit is involved here. Under the Charter (section 25) as it existed prior to the amendment of 1901, which employed the word "demand," it was said the intention of requiring a demand was to afford the

property owner an opportunity to stop the running of interest by paying the bill. In this view it was declared that, though a demand was not made before suit, the institution of the suit on the tax bill should be regarded as a demand. [See Eyermann v. Provenchere, 15 Mo. App. 256.] Obviously the court had this rule in mind in giving judgment in the instant case on the tax bill with interest from the date of the institution of the suit and declaring it a lien against the interest of all the defendants in the property.

In 1901 the city charter was amended so as to eliminate the word "demand" from section 25 and substitute therefor a provision relating to notice which should be given the owner. Also a provision was adopted, to the effect that every special tax bill issued for the construction of streets should be divided into several installments. This amendment stipulates, too, that the first installment of the tax bill shall become due and payable thirty days after notice of the issuance thereof, without interest; the second installment, one year after such notice; the third installment, two years after such notice, etc., provided, however, that the owner or person having an interest in the property may pay the same in full at any time within thirty days after such notice, without interest. In event any installment of the tax bill or interest thereon is not paid when due, the entire bill shall become due, at the option of the holder of it.

It is argued that, in view of this amendment, such a change was introduced into the Charter as to require notice to be served on the owner before the tax bill or any installment thereof became due, and that, therefore, the former rule, to the effect that the institution of the suit would constitute a demand, is no longer appropriate in such cases. In this view, it is urged that the suit is prematurely brought and the judgment should be reversed, for the reason that, though notice of the issuance of the tax bill was served

on William W. Withnell, the life tenant, July 5, 1907, no notice whatever was served on him after the amendment, June 15, 1909, by which the several other defendants—that is, the remaindermen—were named therein as owners, and it does not appear that any notice whatever was served on such remaindermen at any time.

It is unnecessary to construe the provisions of the Charter invoked here, for the case may be properly disposed of without so doing. Therefore, we will assume, for the purpose of the case, that defendants' interpretation of the Charter is a proper one, though we expressly withhold a decision to that effect. Assuming for the purpose of the case that the Charter required such notice in order to mature the demand and authorize a suit on the tax bill, as argued, strong reasons appear to suggest that a notice to the life tenant alone would suffice, in that he represents the estate. If such were true, then, of course, the amendment of the tax bill by which the remaindermen were introduced as owners should be regarded as unnecessary and, therefore, no notice to them required. In this view, the notice served on William W. Withnell on July 5, 1907, would suffice to cast the lien of the tax bill against the interests of all. Touching this matter it is to be said that it is not sought, and, indeed, is not competent, to recover a personal judgment against any of the defendants, and the proceeding is one to enforce the lien of the tax bill against the property only. The life tenant enjoys the seizin of real property, and it devolves upon him to protect the estate and transmit it unimpaired to the remainderman. Indeed, generally speaking, he is regarded as a trustee for the benefit of the remainderman and he may not acquire an outstanding title for his own benefit because of this relation of trust in favor of the remainderman in whose interest an obligation on his part exists. [See 16 Cyc. 616, 617; 1 Minor on Real Property, sections 219, 220.] Then, too, although current taxes and interest on en-

cumbrances are to be paid by the life tenant in whom the seizin and enjoyment of the estate resides, and as to these no obligation or relation as for contribution exists between him and the remainderman, the rule is otherwise with respect to assessments made in due course for benefits to the property resulting from permanent improvements which enhance the value of the estate. In respect of such assessments for the construction of a permanent benefit to the property—that is, a street, as in the instant case—an obligation exists on the part of the remainderman to bear his portion of the burden, and such may be enforced by way of contribution between the life tenant and the remainderman. [See Bobb v. Wolff, 54 Mo. App. 515; Reyburn v. Wallace, 93 Mo. 326, 3 S. W. 382.] On a prior occasion this court said: "It is well settled by the decisions in this State that a life tenant, who is compelled to pay the cost of a permanent improvement on the property, may recover from the remainderman his *pro rata* share of the cost." [See Taylor v. Planet Property, etc. Co., 78 Mo. App. 137, 139; see, also, 1 Minor on Real Property, section 219; 16 Cyc. 634.]

But it is not necessary to decide here that the life tenant represented the entire estate and all the interests and that notice of the issuance of the tax bill to him alone would suffice for all, which principle, if applied and extended, of course, would result in divesting the title of the remainderman through enforcing the lien of such a tax bill for permanent improvement against the property of all, in a suit against the life tenant alone, on the theory that he represented the entire estate, in that the obligation obtained on the life tenant to protect the title and pass it unimpaired to the remainderman. On this question we expressly withhold a decision, for the appeal may be properly disposed of otherwise.

The sole argument for consideration here at this time is that the suit was prematurely brought, because

notice was not given to any of the defendants after the tax bill was amended. If such notice was not served on any of the defendants after the amendment of the tax bill introducing the names of the remaindermen as owners, each and all of these defendants knew such to be the fact, for the service required here is a personal service, in that all of the parties reside in St. Louis. The provision of the Charter, which is said to require such notice, is for the benefit of the owner of the property—say, in this case, the several defendants—and obviously it may be waived by them. If the notice may be waived in the first instance, no one can doubt that the defendants could waive a defense arising because of the omission to give such notice, if they saw fit to do so. Here, nothing whatever concerning this matter appears in the answer. Neither is there a suggestion therein to the effect that the suit was prematurely instituted. It would seem that such a matter should be pleaded in abatement, but under the rule of decision which obtains in this State, the defense that the suit is prematurely instituted may be invoked under the general denial. [See Heard v. Ritchey, 112 Mo. 516, 20 S. W. 799.] But though such be true, the subject-matter should be brought to the attention of the trial court at some time during the course of the proceedings before judgment, so that it may be acted upon and disposed of through the exercise of the function of the court, in order to render it reviewable here. In the case last cited, plaintiff objected to the introduction of evidence under the petition, for there the fact that the suit was prematurely instituted appeared in the averments, and then renewed the objection by a demurrer to the testimony at the close of plaintiff's case. Though the pleading amounted to a general denial only, the court, on appeal, found the suit was prematurely brought, and disposed of the case accordingly. But here nothing whatever was said concerning this matter from the time the trial commenced until after judgment

was given for plaintiff, when the point was sought to be made in the motion for a new trial. The cases involving a similar matter for consideration were recently reviewed by this court in Lawler v. Vette, 166 Mo. App. 342, 149 S. W. 43. It was found that in all of them the question was raised during the trial by an instruction in the nature of a demurrer to the evidence and it was, therefore, declared that such would suffice to bring the question to the attention of the court during the trial so as to authorize its review on appeal. But here no such instruction was requested, either at the close of plaintiff's evidence or at the close of all of the evidence, and, indeed, no instruction whatever was requested at any time concerning this or any other feature of the case. In such circumstances, defendants should be regarded as having waived the point entirely in so far as their right to have it reviewed on appeal is concerned.

If a demurrer to the evidence had been interposed or a suggestion with respect to this matter brought forward in proper form during the trial, it may be plaintiff could have supplied the proof, either that notice was actually given to all of the defendants, or that the parties had waived it. Then, too, in event it was unable to supply the evidence, it may be plaintiff would have chosen to dismiss the suit, give the notice, and commence again. But because of defendant's omission to take some steps at the trial in respect of this, plaintiff proceeded with the case to final judgment. In such circumstances, the matter should be treated as waived, for it does not amount to a failure of proof of the cause of action in its full scope and meaning in any sense. At any rate, the matter cannot be brought forward here in the appellate court for the first time, and such is in effect the result of attempting to raise it, in view of the record, in the motion for a new trial. Especially is this true when we consider the office of a motion for a new trial. Such motion is designed to

accumulate and present for review in the trial court, and, indeed, subsequently on appeal, the several exceptions saved against adverse rulings made on proceedings leading up to, and such matters as are presented and ruled upon during, the trial before the entry of final judgment. [See Pickel v. Pickel, 176 Mo. App. 673, 159 S. W. 774; Bohn v. Lucks, 165 Mo. App. 701, 147 S. W. 1112; In re Estate of Howard, 128 Mo. App. 482, 106 S. W. 116.]

No ruling of the court was invited during the trial as to whether or not notice was required to the defendants other than the life tenant—that is, the remaindermen. No suggestion that the suit was prematurely brought was interposed at the trial. No exception was saved to an adverse ruling thereon and this being the state of the record, the question is not even raised by the motion for a new trial. Such is true for the reason that the motion for a new trial accumulates and saves for future consideration only such questions as have been ruled upon with exception saved. Moreover, the statute (section 2081, R. S. 1909) precludes the appellate court from reviewing any matter of exception on appeal which was not expressly decided and saved in the trial court. [See Pickel v. Pickel, 176 Mo. App. 675, 159 S. W. 774.] In the absence of an adverse ruling and an exception, either prior to the trial on a matter leading up to it, or during the course of the trial, the motion for a new trial, in the very nature of its office and functions, presents nothing for review on an appeal. This being true, the case must be viewed as though no motion for a new trial whatever was interposed, and so viewed, the question is not raised here. The motion for a new trial in the instant case performs no office whatever, in so far as the matter under consideration is concerned. The authorities are abundant that the mere question of the premature institution of the suit may not be raised for the first time in the appellate court. [See Clason v. Kehoe, 87 Hun (N.

Y.) 368; 94 N. Y. 368; Bumstead v. Ins. Co., 12 N. Y. 81, 90; Gallagher v. Bell, 82 Iowa, 722.]

The judgment should, therefore, be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.