## L. E. WHITHAM & CO. v. DONOVAN et al. (No. 3107.)

Court of Civil Appeals of Texas. Amarillo. Nov. 7, 1928.

Rehearing Denied Dec. 5, 1928.

Millburn E. Nutt, Carrigan, Britain, Morgan & King, and E. R. Surles, all of Wichita Falls, for appellants.

Mathis & Caldwell, of Wichita Falls, for appellees.

RANDOLPH, J. This suit was filed by appellants against Mrs. Kate Friberg Donovan, her husband, John L. Donovan, and J. E. Friberg, to foreclose a paving assessment certificate, and the lien securing same, on a lot in the city of Wichita Falls, Tex. The amount sought to be recovered was $922.30, with interest.

The regularity of the proceedings by virtue of which the certificate was issued and the regularity of the certificate is not questioned, except in this: The lot on which the certificate was attempted to be foreclosed was found by the jury to be appellee's homestead. This homestead right came by virtue of appellee's first marriage to William Friberg. By her marriage with Mr. Friberg she had five children. Donovan, her second husband, while he was living with his wife, had no interest in the property upon which the lien was sought to be foreclosed. The title to the property was in Mrs. Donovan, as survivor of the community of herself and William Friberg, deceased, and the five children of that marriage. The lot, being the homestead of appellee, it was not subject to the lien of the paving certificate; hence the trial court, in rendering judgment against Mrs. Donovan, only rendered a personal judgment. The children of the first marriage were all of legal age at the time the paving proceedings were instituted.

The trial court rendered judgment for one-half of the amount sued for by appellant as against the defendant, Mrs. Donovan, and from this judgment this appeal has been taken by Whitham & Co., who contend that they should have had a personal judgment for the full amount of the certificate, for the reason that appellee was only an owner of an undivided one-half interest in the lot, and her children owned title to the other undivided one-half interest, yet she was in possession of same as her homestead, and was entitled to the sole possession of same as such homestead. Mrs. Donovan's homestead right and possession was a life estate, and, as such life tenant in possession, the whole liability for the paving debt became a charge against her, and was not in part chargeable to the owners of the other undivided one-half interest of the lot, who were not in possession and not entitled to possession as against Mrs. Donovan. This proposition of the sole liability of Mrs. Donovan is based upon the claim of appellant that temporary improvements are chargeable against the life tenant in possession, and not in whole or in part to the remainderman out of possession.

The charter of the city of Wichita Falls provides for assessments against benefited property and a personal liability for such assessment naturally follows, though the property be a homestead. City of Dallas v. Atkins et al., 110 Tex. 627, 223 S. W. 170.

The question of the liability of appellee for the sum named in the judgment rendered appears from the record to be conclusively shown. The briefs of the parties treat the question before us as one between the parties appearing as life tenant and remainderman. Such is not the position of the parties. Mrs. Donovan is a life tenant of the whole property, but her children, under this record, are cotenants with her. It appears from the record, as stated, that the lot in controversy was community property of Mrs. Donovan and her first husband. Hence, upon his death, Mrs. Donovan's ownership to one-half of the property remained unchanged, the other one-half descending to their children by their marriage, subject to her homestead claim. Article 2571, subd. 2, Revised Civil Statutes.

The children, having arrived at maturity, could not assert their exclusive right to their undivided interest in the lot and ask for a partition thereof, because of Mrs. Donovan's possession of such lot as her homestead. Mrs. Donovan's claim of homestead, which covered her one-half interest as well as the half interest in the lot owned by the children, whether the improvements were temporary improvements or were permanent improvements, would at all events make her personally liable for at least one-half of the assessment made. In some of the cases in other states it is held that the costs of such improvements are to be proportioned between the tenant for life and the remainderman out of possession, as the benefit to the property accrues to each interest. Rayburn v. Wallace, 93 Mo. 326, 3 S. W. 482; Meanor v. Goldsmith, 216 Pa. 489, 65 A. 1084, 10 L. R. A. (N. S.) 342; Bush Construction Co. v. Withnell, 190 Mo. App. 33, 175 S. W. 260; 17 R. C. L. p. 638.

But, as stated, the question of the proration of the assessment between Mrs. Donovan and her children becomes immaterial. Mrs. Donovan was responsible for at least one-half of the cost of the paving, as tenant for life or as owner of one-half of the lot; judgment was rendered for that amount against her, and of such judgment she is not complaining here. The plaintiffs, appellants, are complaining of the failure of the trial court to render judgment in their favor for the whole amount of the cost of the paving. Their contention might be correct, if it were shown by the record that the paving was only a temporary improvement, that had to be renewed from year to year, and that the appellants were seeking an apportionment thereof as between parties to the suit, and had not obtained judgment for the full amount owing by Mrs. Donovan.

The assessment herein sued on was not based on a contractual liability, but it is a statutory charge. Hence the cotenants were not necessary parties to the suit. But, if such assessment had been a voluntary contractual obligation, if it had been so, and if it was a joint and several liability, the suit

being brought against one, the other joint obligor was not a necessary party. Bute v. Brainerd, 93 Tex. 137–139, 53 S. W. 1017. It has also been held that, where it is alleged that two parties made a promise and suit is brought thereon, recovery can be had as against one of the parties, upon proof that that party did make the promise. McDonald v. Cabiness, 100 Tex. 615, 102 S. W. 721.

The fact that Mrs. Donovan and her children were cotenants of the lot is not involved in this case, except for the purposes of measuring the amount of recovery against Mrs. Donovan. Therefore they, the children, are not necessary parties to this litigation. The recovery of the plaintiff against Mrs. Donovan does not in the least affect their interests in the estate in the land. Hence Mrs. Donovan, not having had judgment rendered against her for any sum for which the children were liable, while they would have been proper parties, yet they are not necessary parties, to the suit against her.

It is true that a tenant in common may recover an entire tract of land against a stranger to the title, or against naked trespassers (Ney v. Mumme, 66 Tex. 268, 17 S. W. 407; Minor v. Powers [Tex. Civ. App.] 24 S. W. 710); this being, in effect, a holding that, as against such person, the other tenants in common, or cotenants, are not necessary parties to that suit. In a suit to recover the whole of a tract of land, it has been held that the plaintiff can recover from his cotenants in possession the interest which he really owns. In others words, he could recover judgment for his undivided interest, but would not be entitled to oust his cotenant from possession. Bennett v. Virginia Ranch, Land & Cattle Co., 1 Tex. Civ. App. 321, 21 S. W. 126–127.

It will be seen, therefore, that even for the recovery of title to land there is no hard and fast rule as to the procedure of cotenants in the suit. Especially is this true where only a personal action is brought, and no effort is being made to assert any right against any interest of the cotenant in the real property.

We therefore affirm the judgment of the trial court.